**Arnold HANKINSON**

v.

**The PENNSYLVANIA RAILROAD COM-
PANY and the United States of
America.**

**Civ. A. No. 21051.**

United States District Court
E. D. Pennsylvania.

March 13, 1958.

Jerome H. Ellis, Philadelphia, Pa., for plaintiff.

Philip Price, Norma L. Shapiro, Philadelphia, Pa., for Pennsylvania R. Co.

Harold K. Wood, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for United States.

KRAFT, District Judge.

The United States, one of two defendants in this case, moves to dismiss the amended complaint on the ground that the pleading itself discloses that plaintiff's claim against the government is barred by the statute of limitations.

Plaintiff's original complaint, filed July 17, 1956, sought recovery only against the Pennsylvania Railroad Co. under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for an injury suffered on July 29, 1955. The railroad answered on August 10, 1956 and, some months later, joined the United States as third-party defendant. The third-party complaint was served January 10, 1957 and the government filed its answer thereto on March 10, 1957.

Subsequently, on November 21, 1957, the plaintiff, disregarding the provisions of F.R.Civ.P. 15(a), 28 U.S.C.A., filed his amended complaint without leave of court. In this pleading the United States was, for the first time, named as an original party defendant. The amended complaint continued the railroad as a defendant, substantially repeated the substantive averments of the original complaint and purported to state a cause of action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. 1346 (b).

Plaintiff first challenges the propriety of the government's motion to dismiss. He points out that F.R.Civ.P. 12 (b), which enumerates certain defenses which, at the defendant's option, may be made by motion, makes no reference to a statute of limitations defense. Plaintiff also insists that F.R.Civ.P. 8(c) requires this defense to be pleaded affirmatively in a responsive pleading. Usually this is so. However, where the complaint itself reveals the existence of a statute of limitations defense, that defense may be

**710**

raised by a motion to dismiss. Wagner v. New York, Ont. & West. Ry., D.C.M.D. Pa.1956, 146 F.Supp. 926; Delman v. Federal Products Corp., D.C.D.R.I.1955, 136 F.Supp. 241; Shandelman v. Schuman, D.C.E.D.Pa.1950, 92 F.Supp. 334.[1]

In pertinent part, the applicable statute (28 U.S.C.A. § 2401(b)) provides:

"A tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *."

[2] The plaintiff next insists that, because the defendant railroad impleaded the government as a third-party defendant within two years from the time plaintiff's cause of action accrued, the statute of limitations was tolled. This is an ingenious but untenable contention. Carlisle v. Monongahela Ry. Co., D.C.W.D.Pa.1954, 16 F.R.D. 426; Horan v. Pope & Talbot, Inc., D.C.E.D.Pa.1953, 119 F.Supp. 711; Lommer v. Scranton-Spring Brook Water Service Co., D.C. M.D.Pa.1943, 3 F.R.D. 27. The amended complaint *began* the plaintiff's action on *his* claim against the United States too late. It is of no avail to the plaintiff that the railroad began its action on *its* claim against the government in time.

This conclusion makes unnecessary any disposition of the government's second contention that the amended complaint should be stricken because it was filed without leave of court in violation of F.R. Civ.P. 15(a), and thus deprived the government of the opportunity to raise the question in limine by objection to the allowance of an amendment which sought to bring in a new party defendant in

whose favor the statute of limitations had already run.

### Order

Now, March 13, 1958, the motion of the United States of America is granted and, as to it, the amended complaint is dismissed.

1. For other cases supporting this rule, see: Rohner v. Union Pacific R. Co., 10 Cir., 1955, 225 F.2d 272; Kincheloe v. Farmer, 7 Cir., 1954, 214 F.2d 604; Taylor v. Houston, 1954, 93 U.S.App. D.C. 391, 211 F.2d 427, 41 A.L.R.2d 724; A. G. Reeves Construction Co. v. Weiss, 6 Cir., 1941, 119 F.2d 472; Harrington v. Yellin, D.C.Pa.1958, 158 F.Supp. 456; Lomax v. United States, D.C.E.D. Pa.1957, 155 F.Supp. 354; O'Malley v. Wyoming National Bank, D.C.M.D.Pa. 1954, 15 F.R.D. 457; Magnotta v. Leonard, D.C.M.D.Pa.1952, 102 F.Supp. 593; Burrell v. La Follette Coach Lines, D.C. E.D.Tenn.1951, 97 F.Supp. 279; Stanley v. Bird, D.C.W.D.Ky.1949, 85 F.Supp. 358; Berry v. Heller, D.C.E.D.Pa.1948, 79 F.Supp. 476; Gerard v. Mercer, D.C.D. Mont.1945, 62 F.Supp. 28; Callahan v. Chesapeake & Ohio R. Co., D.C.E.D.Ky. 1941, 40 F.Supp. 353; Wilson v. Shores-Mueller Co., D.C.N.D.Iowa 1941, 40 F. Supp. 729; Cramer v. Aluminum Cooking Utensil Co., D.C.Pa.1941, 1 F.R.D. 741.