HIGGINBOTHAM *v.* FEARER LEASING, INC.

OPINION OF THE COURT

1. ACTION—AMENDMENT—LIMITATION OF ACTIONS—RELATION BACK.
   Pleadings may generally be amended to add a party defendant after the statute of limitations has run where the party added knows of the litigation and is not prejudiced by the amendment.

2. PLEADING—AMENDMENT—RELATION BACK—COURT RULES.
   The court rule providing that an amendment of a pleading relates back to the date of the original pleading whenever the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading does not apply to an amendment of the complaint to make a third-party defendant a principal defendant after the statute of limitations has run on the claim against him as principal defendant (GCR 1963, 118.4).

3. LIMITATION OF ACTIONS—TOLLING—THIRD-PARTY PRACTICE—JURISDICTION—STATUTES.
   Jurisdiction of the court over a third-party defendant is for the limited purpose of enforcing his liability to the principal defendant and is not the kind of jurisdiction which by statute tolls the statute of limitations on a cause of action by the plaintiff directly against the third-party defendant (MCLA § 600.5856).

4. LIMITATION OF ACTIONS—TOLLING—THIRD-PARTY PRACTICE.
   The statute of limitations on a claim by plaintiffs directly against a third-party defendant was not tolled by the principal defendants' motion to make the third-party defendant a party to the action for the purpose of contribution (MCLA § 600.5856; GCR 1963, 204).

---

REFERENCES FOR POINTS IN HEADNOTES
[1–7] 51 Am Jur 2d, Limitation of Actions § 237.
   Change in party after statute of limitations has run, 8 ALR2d 6.

5. ACTION—PARTIES—LIMITATION OF ACTIONS—AMENDMENT.

A plaintiff may not amend his pleading to make a third-party defendant a principal defendant after the statute of limitations has run on his claim against the third-party defendant.

DISSENT BY DANHOF, J.

6. ACTION—LIMITATION OF ACTIONS—TOLLING—JURISDICTION.

The statute of limitations governing a personal injury action is tolled as to the plaintiff's claim against a party when jurisdiction over that party is acquired, and jurisdiction acquired by the court's granting the principal defendant's motion to join that party as a third-party defendant for purposes of contribution is sufficient (MCLA § 600.5856[2]).

7. ACTION—PLEADING—AMENDMENT—LIMITATION OF ACTIONS.

A complaint for personal injuries may be amended to add as a principal defendant a third-party defendant where the court acquired jurisdiction over the third-party defendant before the statute of limitations had run as to the plaintiff by granting the principal defendant's motion to join him as a third-party defendant for purposes of contribution, even though the motion to amend the complaint was made after the period specified by the statute of limitations.

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 February 10, 1971, at Detroit. (Docket No. 9507.) Decided April 23, 1971. Leave to appeal applied for April 30, 1971.

Complaint by John R. Higginbotham and Marion Haneline against Fearer Leasing, Inc., Packaging Corporation of America, and John C. Parmenter for damages for injuries from an automobile collision. Third-party complaint by defendants against Russell Certo. Plaintiffs' motion to amend pleadings to include the third-party defendant as principal defendant granted. Third-party defendant appeals by leave. Reversed and remanded for further proceedings.

*Craig, Fried & Heidt* (by *David H. Fried*), for plaintiffs.

*Sanford N. Lakin,* for third-party defendant Russell Certo.

Before: DANHOF, P. J., and HOLBROOK and BRONSON, JJ.

HOLBROOK, J. The auto accident which is the subject matter of this suit occurred on December 28, 1966. On February 23, 1968, plaintiffs brought suit against Fearer Leasing, Inc., and the other principal defendants, *i.e.,* Packaging Corporation of America and John C. Paramenter, in the Wayne County Circuit Court, alleging that plaintiffs were injured in an auto accident when a vehicle owned by the corporate defendants and driven by driver Paramenter rear-ended plaintiffs' vehicle. An answer was filed on behalf of all defendants by their attorney. On May 31, 1968, a third-party complaint and summons was issued against Russell Certo as third-party defendant, by the defendants, acting as third-party plaintiffs.

The third-party complaint and summons were issued pursuant to the provisions of GCR 1963, 204, in which it was claimed that Certo would be a joint tortfeasor contributing to or causing the injuries claimed by plaintiffs. On September 20, 1968, the third-party summons and complaint were served on Russell Certo, and on November 15, 1968, an answer to the third-party complaint was filed on behalf of Russell Certo by his attorney. Subsequent thereto, numerous correspondence, including exchange of pleadings, were submitted between various counsel.

Third-party defendant Russell Certo filed a motion for separate trials on January 12, 1970, as

between the claims of the plaintiffs against the defendants, and the third-party plaintiffs (defendants) against Russell Certo as third-party defendant. In paragraph 5 of that motion, it was specifically alleged that the statute of limitations had expired. An answer to Certo's motion was filed on behalf of the principal defendants, third-party plaintiffs, by their attorney. No answer or response was filed on behalf of the principal plaintiffs. The motion was heard by the Honorable Nathan J. Kaufman of the Wayne County Circuit Court on January 30, 1970, and was denied. On April 13, 1970, following a hearing for presentment of an order, the court entered the order denying separate trials.

On April 27, 1970, at the pretrial hearing before the Honorable Theodore R. Bohn, the plaintiffs for the first time requested an amendment to the pleadings wherein Russell Certo would be added as a principal defendant. Objection was made to the form, time, and manner of the motion. The court granted the motion by including in the pretrial statement its decision that the plaintiffs may file a complaint against Russell Certo as a principal defendant, with an order allowing plaintiffs to file an amended complaint against Russell Certo, as a principal defendant, entered May 14, 1970.

Leave to appeal the trial court ruling was granted by this Court on July 21, 1970.

The trial court, in its decision allowing the addition of the third-party defendant as a principal defendant after the running of the statute of limitations, relied on the case of *Bensinger* v. *Reid* (1969), 17 Mich App 219. That case stands for the general proposition that pleadings may be amended to add a party defendant after the statute of limitations

has run, if the party added knows of the litigation and is not prejudiced by the amendment. That case involved the "misnomer problem", *e.g.,* serving the right defendant in his wrong capacity; see also *Wells* v. *The Detroit News, Inc.* (1960), 360 Mich 634.

It appears, however, that there was no misnomer problem in the instant case, and therefore *Bensinger* v. *Reid, supra,* is not applicable. We next consider whether the amendment to name the third-party defendant as a principal defendant by plaintiffs may relate back to the date of the original pleadings under the provisions of GCR 1963, 118.4.[1]

The following committee notes and authors' comments appear in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 409, 414, 415:

"Presently there is much Michigan case authority to the effect that a party cannot set up a new cause of action barred by the statute of limitations at time of amendment. This limitation on amendment lends itself to technical legalistic interpretations as to what is a cause of action, yet a court willing to grant permission to amend is apt to broaden the meaning of a cause in order to do it. The Federal provision places the matter on the basis of certainty and fairness. A pleader under this rule will be allowed to amend if the amendment relates back to the conduct, transaction, or occurrence originally set forth. Thus the adverse party is not prejudiced, since he has been given notice of the matter originally pleaded. Once made a party to an action arising from a particular fact situation, he is aware that the original pleadings are subject to amend-

---

[1] ".4 Relation Back of Amendments. Except for the purpose of demanding a trial by jury under subrule 508.2, the amendment relates back to the date of the original pleading whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

ment, and he ought not be permitted to force his opponent into a legally different statement of the facts for the sole purpose of barring the claim. And too, the statute of limitations is satisfied, since a new set of facts cannot be added by amendment if the statute has already run.

\* \* \*

"Rule 118 imposes no subject matter restrictions on amendments to pleadings. Therefore, amendments by leave of court, as well as amendments without leave, may introduce new parties, new matter, or new causes of action or defenses, unless precluded by the rules of joinder or the statute of limitations.

\* \* \*

"The stage at which leave to amend is requested, according to the circumstances of each case, is nevertheless a pertinent factor affecting the court's discretion. It will obviously become increasingly difficult to justify leave to amend at each later stage of a proceeding, especially if the circumstances indicate that the same action could have been taken at any earlier stage."

Since GCR 1963, 118.4 is derived from F R Civ P 15(c), it is helpful to examine the decisions interpreting the latter with respect to the instant problem. In the case of *Hankinson* v. *Pennsylvania Railroad Company* (ED Pa, 1958), 160 F Supp 709, the facts were nearly identical to the instant case, as follows: plaintiff commenced an action against the Pennsylvania Railroad to recover under the Federal Employers' Liability Act and the railroad then joined the United States as a third-party defendant before the statute of limitations had run on the claim against the United States. Hankinson then sought, after the statute of limitations had run, to amend his original complaint to name the United States, for the first time, as an original defendant.

The Federal district court held that the complaint could not be amended to include the United States as a principal defendant since the statute of limitations had expired. In *Hankinson, supra,* on p 710, it is stated in part:

"The plaintiff next insists that, because the defendant railroad impleaded the government as a third-party defendant within two years from the time plaintiff's cause of action accrued, the statute of limitations was tolled. This is an ingenious but untenable contention. *Carlisle* v. *Monongahela R. Co.* (WD Pa, 1954), 16 FRD 426; *Horan* v. *Pope & Talbot, Inc.* (ED Pa, 1953), 119 F Supp 711; *Lommer* v. *Scranton-Spring Brook Water Service Co.* (MD Pa, 1943), 3 FRD 27. The amended complaint *began* the plaintiff's action on *his* claim against the United States too late. It is of no avail to the plaintiff that the railroad began its action on *its* claim against the government in time."

In *Storey* v. *Garrett Corporation* (CD Cal, 1967), 43 FRD 301, it was decreed that the "relation back" doctrine does not enable a plaintiff to join entirely new parties as defendants after the statute of limitations has run, and the 1966 amendment liberalizing the Federal Rule (which has not been incorporated in GCR 1963, 118.4) has not changed such a basic premise; see also 1A Barron & Holtzoff, Federal Practice and Procedure, § 448, pp 768–770 and supplement.

There is, however, a Federal court decision holding to the contrary and allowing the amendment of the complaint by plaintiff adding a new defendant. *Meredith* v. *United Air Lines* (SD Cal, 1966), 41 FRD 34. In *Meredith* a passenger was injured when the pilot of a commercial airplane was required to veer off abruptly to avoid a military-type airplane. Suit was commenced by the passenger and her hus-

band against the commercial airline and the United States for her injuries, medical expenses, and loss of services before this action was barred by the one-year California statute of limitations. Subsequently, the passenger and her husband discovered that the military-type airplane may have been operated by a manufacturer's test pilot and they filed an amended complaint more than one year after the accident seeking recovery from the manufacturer, which had knowledge of the action when it was filed or soon after it was filed. The manufacturer made a motion to dismiss the amended complaint as to it under the California one-year statute of limitations. The district court held that the amended complaint related back to the date of filing of the original complaint under the Federal Rule of Civil Procedure 15(c) as the Rule was amended in 1966. The court stated on p 38 in part as follows:

"Civil Rule 15(c) as amended by the recent amendments which became effective July 1, 1966, reads as follows:

" 'Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.'* "

The italicized portion was added by the 1966 amendments.

"In determining whether the instant case meets the requirements of Section 15(c) as amended, several inquiries must be made. First, does the claim asserted against Lockheed in the amended pleading arise 'out of the conduct, transaction, or occurrence set forth  *  *  *  in the original pleading  *  *  *  '? Obviously it does.

"Second, has Lockheed, the party brought in by the amendment, 'received such notice of the institution of the action that [it] will not be prejudiced in maintaining [its] defense on the merits'?

"And third, did Lockheed know or should it have known 'that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]'? Both of these requirements also seem amply satisfied by the facts of the instant case."

GCR 1963, 118.4 does not contain the 1966 amendment to the Federal Rule, and even if it did, it would not enable the plaintiffs to amend so as to make the third-party defendant a principal defendant in this case. Plaintiffs herein knew from the beginning of the third-party defendant and his identity and the fact of his being a possible tortfeasor responsible for the accident.

The plaintiffs assert that under our statutes and court rules and the facts present in this case, the amendment naming the third-party defendant as a principal defendant was permissible. In order to properly consider this claim of the plaintiffs, it is necessary to consider the theory upon which they base their position. They first rely on GCR 1963, 204.1(3) which provides:

"The plaintiff may assert any claim against the third-party defendant arising out of the transaction

or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 111 and his counterclaims and cross-claims as provided in Rule 203."

Plaintiffs assert that once the third-party defendant has been brought into the case, jurisdiction of the court is acquired over him; further, that the plaintiffs then may assert any claim against him arising out of the transaction or occurrence that is the subject matter of plaintiffs' claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in GCR 1963, 111, and his counterclaims and cross-claims as provided in GCR 1963, 203. The theory thus far appears to be that the third-party defendant's having been made such by the principal defendants confers jurisdiction on the Court over the third-party defendant. It must be noted, however, that GCR 1963, 204.1 permits the defendants in this case to make the third-party defendant a party to the action if he is or may hereafter be liable to such third-party plaintiff by right of contribution or otherwise for all or part of the plaintiffs' claim against him. We turn to 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 508, and read from the authors' comments as to GCR 1963, 204, wherein it is stated:

"The rule makes it clear that the third-party defendant's liability must run to the primary defendant, not to the primary plaintiff. That is, the defendant cannot implead a third party in order to contend that it is the third party *instead* of the defendant who is liable to the plaintiff." (Emphasis supplied.)

The statute, MCLA § 600.2925 (Stat Ann 1962 Rev § 27A.2925), which provides for contribution, specifically provides that joint tortfeasors, not severally-liable tortfeasors may have contribution.[2] In this regard, our Supreme Court has ruled in *Husted* v. *Consumers Power Company* (1965), 376 Mich 41, that GCR 1963, 204, providing that a defendant may bring in a third-party defendant, does not create substantive rights in the principal defendant, as the substantive basis for defendant's claims must be found elsewhere before the rule becomes operative. MCLA § 600.2925 (Stat Ann 1962 Rev § 27A.2925). Now it is true that the present rule, GCR 1963, 204.1(3), provides that the plaintiffs *may,* after the granting of the third-party motion, then assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of plaintiffs' claim against the principal defendants. This the plaintiffs could have accomplished at any time before the running of the statute of limitations.

The plaintiffs further claim that the statute of limitations was tolled by reason of the tolling provisions in the statute, MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856), which reads as follows:

"The statutes of limitations are tolled when * * *

"(2) jurisdiction over the defendant is otherwise acquired * * * ."

The tolling statute should be read with reference to the statute of limitations itself, MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805), which reads in part as follows:

---

[2] "Joint tort-feasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution."

"No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

*   *   *

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property."

The plaintiffs did not commence their action against the third-party defendant within the three-year period.

It appears that the third-party defendant is subject to the jurisdiction of the court by reason of the grant of the third-party motion but for the limited purpose of compelling contribution to principal defendants. Does this fact toll the statute of limitations? If it does, then plaintiffs would be entitled to amend in conformance with the court rule and name the third-party defendant as a principal defendant. The difficulty in this regard is the fact that the plaintiffs in the first instance were not required to name the third-party defendant as a principal defendant. Nor were they required under the court rule to name the third-party defendant as a principal defendant. It was still a choice for the plaintiffs as to whether or not they would seek to make the third-party defendant a principal defendant. *Donlin* v. *Detroit United Railway* (1917), 198 Mich 327. Also see 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 551. The jurisdiction that the court obtained over the third-party defendant by the grant of the third-party plaintiffs' motion was limited to giving relief in favor of the third-party plaintiffs for contribution because the defendants (third-party plaintiffs)

claimed that the third-party defendant was a *joint tortfeasor*. It seems evident that jurisdiction was not obtained by the plaintiffs over the third-party defendant, by the grant of the motion under GCR 1963, 204. Of course, plaintiffs could have exercised their right under the rule to add the third-party defendant as a principal defendant. This they did not do prior to the running of the statute of limitations. For further light, we turn to 54 CJS, Limitations of Actions, § 276, pp 313–315, where we find:

"The general rule is well settled that, where new parties defendant are brought in by amendment, the statute of limitations continues to run in their favor until they are thus made parties. The suit cannot be considered as having been commenced against them until they are made parties.

\* \* \*

"*Additional defendant brought in by original defendant.* Even though the statute of limitations bars a direct recovery by plaintiff from a person not originally made a defendant, the original defendant may bring in such person as an additional defendant on an allegation of joint liability or liability over, and for the purpose of contribution or indemnity, but not on an allegation or averment that the new defendant is solely liable or if the effect of the joinder is to give plaintiff a right of action against the party joined."

Mere knowledge of the existence of a potential claim or action does not toll the statute of limitations or estop one from asserting its provisions. *Mason* v. *Letts* (1968), 14 Mich App 330. We rule that the statute of limitations was not tolled as to the principal plaintiffs by reason of the defendants' motion to make the third-party defendant a party to the action for the purpose of contribution.

Plaintiffs further rely on the provisions of GCR 1963, 118.4 which provides for relation back of amendments:

"Except for the purpose of demanding a trial by jury under subrule 508.2, the amendment relates back to the date of the original pleading whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

This provision has been effective in adding parties defendant in so called *misnomer* cases. It has not yet been applied in cases such as the instant case.

We rule with the majority of Federal authority that plaintiffs cannot amend the pleadings after the running of the statute of limitations to make a third-party defendant a principal defendant. Plaintiffs knew about the third-party defendant Russell Certo's relationship to the accident in question the day that it happened. They also knew that on May 31, 1968, Russell Certo was made a third-party defendant by the principal defendants; that service of the third-party complaint and summons was had on Russell Certo on September 20, 1968. Plaintiffs had the right and privilege all during the period of the running of the statute of limitations up through December 28, 1969, to name Russell Certo as a principal defendant, but did not do so. No one could require the plaintiffs to name Russell Certo as a principal defendant, and this Court concludes that plaintiffs, by their failure to act, elected to forego their right to name him as a principal defendant. The trial court's granting of the motion naming Russell Certo as a principal defendant is set aside.

Reversed and remanded for further proceedings. No costs, the construction of court rules and statutes being involved.

Bronson, J., concurred.

Danhof, P. J. (*dissenting*). I would affirm the action of the trial court granting the plaintiffs' amendment, although I agree with the majority that the reliance of the trial judge on *Bensinger* v. *Reid* (1969), 17 Mich App 219, is misplaced.

The facts disclose that the accident which is the basis of the complaint of the plaintiffs occurred on December 28, 1966. Suit was commenced by the plaintiffs against the principal defendants on February 23, 1968, and on May 31, 1968, a third-party complaint and summons was issued against the third-party defendant. On November 15, 1968, an answer to the third-party complaint was filed by the third-party defendant. The order granting the plaintiffs' motion to add the third-party defendant as a principal defendant was entered on April 27, 1970. Thus, the third-party defendant was a party to this action within the three-year statute of limitations prescribed by MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

The controlling question is whether the statute of limitations was tolled from the time the third-party defendant was properly served with a copy of the complaint and summons. MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856) reads as follows:

"The statutes of limitations are tolled when * * * "(2) jurisdiction over the defendant is otherwise acquired * * * ."

I would hold that under the facts of this case the trial court acquired the sufficient jurisdiction over

the third-party defendant so as to meet the requirements of MCLA § 600.5856 (Stat Ann 1962 Rev § 27A.5856). The statute of limitations was tolled when the third-party defendant was properly served with a copy of the complaint and summons.

The statute of limitations having been tolled, the granting of the plaintiffs' motion to amend their complaint by adding the third-party defendant as a principal defendant was discretionary with the trial judge. The record fails to sustain any abuse of discretion and I would affirm.