BONNER v MOORE

1. LIMITATION OF ACTIONS—NEGLIGENCE—COUNTIES—ROAD COMMISSIONS—MAINTENANCE OF ROADWAYS.

    The liability of a county road commission for negligence in maintaining county roads is to be found in the statute and the two-year statute of limitations applies (MCLA 691.1402).

2. LIMITATION OF ACTIONS—MINORS—DISABILITIES—NEGLIGENCE—COUNTIES—ROAD COMMISSIONS—MAINTENANCE OF ROADWAYS.

    A person who was a minor at the time a cause of action against a county road commission for negligence in maintaining county roads arose has one year after he has attained majority in which to bring his action (MCLA 600.5851, 691.1402, 691.1411).

Appeal from Saginaw, Eugene Snow Huff, J. Submitted Division 3 January 11, 1974. (Docket No. 16990.) Decided March 6, 1974. Leave to appeal applied for.

Complaint by Tyron Bonner against Ezra Moore, William Moore, and the Board of County Road Commissioners for Saginaw County, for damages sustained in an automobile collision. Defendant Board of County Road Commissioners moved for accelerated judgment. Denied. Defendant appeals by leave granted. Affirmed.

*Dean A. Polzin,* for plaintiff.

*Collison & Fordney, P. C.,* for defendant Board of County Road Commissioners.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur 2d, Highways, Streets, and Bridges § 581.

    57 Am Jur 2d, Municipal, School, and State Tort Liability § 673 *et seq.*

Before: QUINN, P. J., and DANHOF and ALLEN, JJ.

QUINN, P. J. Defendant Board of Road Commissioners (hereinafter defendant) appeals on leave granted from the trial court's denial of defendant's motion for accelerated judgment.

Plaintiff was injured in an automobile collision on August 10, 1969. He filed this action against the Moores, the tort-feasors, and defendant on August 9, 1972. Defendant was joined in the action on theory of negligent maintenance of the county highway on which the collision occurred. The basis for defendant's motion for accelerated judgment was the two-year statute of limitations found at MCLA 691.1411; MSA 3.996(111). In denying the motion, the trial court held that the three-year statute of limitations applied, MCLA 600.5805(7); MSA 27A.5805(7).

At first glance, the language of MCLA 691.1402; MSA 3.996(102) seems to exempt actions against a county road commission for negligence in the maintenance of county roads from its provisions. If this is true, the two-year limitation found in MCLA 691.1411; MSA 3.996(111) and relied on by defendant would not apply.

However, MCLA 691.1402, *supra,* states that liability as to county roads shall be as provided in § 21, chapter 4 of Act No 283 of the Public Acts of 1909, as amended, being MCLA 224.21; MSA 9.121. Examination of the latter statute discloses that "the provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control", shall apply to counties adopting the county road system. The statute last referred to was found at MCLA 242.1 *et seq.;* MSA

9.591 *et seq.,* which was repealed by MCLA 691.1414; MSA 3.996(114). Hence, the liability of defendant is to be found in MCLA 691.1402, *supra,* and the two-year limitation applies.

However, the fact that the two-year statute of limitations applies does not necessarily mean that the statute has run. Plaintiff was a minor at the time of the accident and did not attain majority until January 1972. If MCLA 600.5851; MSA 27A.5851 applies, plaintiff had until December 31, 1972 to bring his action. We hold that the last mentioned statute does apply and that plaintiff's action was timely for two reasons.

*Holland v Eaton,* 373 Mich 34; 127 NW2d 892 (1964), relied on by defendant, we find not only to be inapposite but as containing language which supports our view that MCLA 600.5851, *supra,* is applicable.

The pertinent statute in *Holland, supra,* read:

"Any action shall be instituted within two years after the happening of the event."

It contained no reference to the general statute of limitations. At page 39 of the *Holland* opinion, the Supreme Court said:

"It has long been a rule well-settled in Michigan that the intent of the legislature, in including a time limitation on bringing suit in a statute creating a right, is that the savings provisions of the general statute of limitations are not applicable unless expressly included."

MCLA 691.1411; MSA 3.996(111) reads:

"(1) Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except as otherwise provided in this section.

"(2) The period of limitations for claims arising under section 2 of this act shall be 2 years.

"(3) The period of limitations for all claims against the state, except those arising under section 2 of this act, shall be governed by chapter 64 of Act No. 236 of the Public Acts of 1961."

This language expressly includes the provisions of the general statute of limitations and makes MCLA 600.5851; MSA 27A.5851 applicable to plaintiff's right to bring this action.

If this construction is not applied, §§ 2 and 3 of MCLA 691.1411 are inconsistent. Chapter 64 of Act No 236 of the Public Acts of 1961 consists of MCLA 600.6401–6475; MSA 27A.6401–6475 (court of claims act). MCLA 600.6452(2); MSA 27A.6452(2) incorporates the general statute of limitations into the limitation provisions of MCLA 600.6452(1); MSA 27A.6452(1). Thus if MCLA 691.1411, *supra,* is not read to include the provisions of the general statute of limitations, the minority tolling provisions of the general statute of limitations would apply to actions covered by MCLA 691.1411(3) and would not apply to actions covered by MCLA 691.1411(2). We decline a construction that leads to such an incongruous result.

Affirmed with costs to plaintiff.

All concurred.