FOREST v PARMALEE

MILLS v PARMALEE

1. LIMITATIONS OF ACTION—HIGHWAYS—PERIOD OF LIMITATIONS—
   STATUTES.
   The statute of limitations on claims for bodily injury or property
   damage resulting from the failure of a governmental agency to
   keep highways under its jurisdiction in reasonable repair and
   in a condition reasonably safe and fit for travel is two years
   (MCLA 691.1402; 691.1211[2]).

2. LIMITATION OF ACTIONS—ADDITIONAL PARTIES—TOLLING OF STAT-
   UTE.
   The statute of limitations was tolled for the period during which
   a trial judge had a plaintiff's motion to add a party defendant
   under advisement.

Appeal from Gratiot, Leo W. Corkin, J. Submit-
ted Division 3 April 2, 1974, at Grand Rapids.
(Docket Nos. 16910, 16911.) Decided May 30, 1974.

Complaints by Gary L. Forest and James C.
Mills against Gerald L. Parmalee, Roy C. Davis,
and the Gratiot County Board of Drain Commis-
sioners for damages resulting from an automobile
accident. Accelerated judgment for defendant
Gratiot County Board of Drain Commissioners.
Plaintiffs appeal. Reversed and remanded.

*Robert L. Douglas,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Highways, Streets, and Bridges § 581.
[2] 51 Am Jur 2d, Limitation of Actions §§ 138–199.

*Fortino, Plaxton & Moskal,* for defendant Gratiot County Board of Drain Commissioners.

Before: ALLEN, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

ALLEN, P. J. Plaintiff has appealed from Gratiot County Circuit Court Judge Leo W. Corkin's order of April 4, 1973, which granted defendant's motion for accelerated judgment. GCR 1963, 116.1(5).

Plaintiff Gary L. Forest, accompanied by plaintiff James C. Mills, was driving his automobile along a county road during the evening of August 10, 1970. A drain construction project was encountered, and plaintiffs drove into a hole. There were no barriers, warning lights, or any other safety implements designed to warn drivers of the impending hazard.

On August 26, 1971, plaintiff Forest filed a complaint against defendants Parmalee and Davis. Plaintiff Mills filed his complaint about five days later. Said complaints alleged that defendants, who had been awarded a drain repair contract, were negligent in failing to warn of the hazard or provide a barricade to protect drivers from the same. Defendants answered, and denied liability.

On June 6, 1972, subsequent to the taking of depositions, plaintiffs moved the trial court for permission to add the defendant County Board of Road Commissioners as a party defendant. GCR 1963, 118.1 and GCR 1963, 207. Defendants Parmalee and Davis stipulated as to their lack of objection to the addition of the county board as a party defendant. On October 10, 1972, Judge Corkin granted plaintiffs' motion.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Plaintiffs filed an amended complaint on October 27, 1972. Pursuant to MCLA 691.1402; MSA 3.996(102), plaintiffs alleged that the defendant county board had been engaged in repairing the drain, · and was negligent in maintaining the county road and in failing to warn drivers of the hazard or erect a barricade around the same. The defendant county board was served with this complaint on November 8, 1972.

Relying upon the two-year statute of limitations contained in MCLA 691.1411(2); MSA 3.996(111)(2), defendant moved the trial court for accelerated judgment. GCR 1963, 116.1(5). The accident at issue occurred August 10, 1970, and defendant argued that the proceedings against it had not begun until October 27, 1972. Judge Corkin granted defendant's motion, and dismissed defendant as a party.

Plaintiffs have raised four issues on appeal, only two of which we deem necessary to decide. Plaintiffs have argued that rather than the two-year statute of limitations contained in MCLA 691.1411(2); MSA 3.996(111)(2), applying to this case, the general three-year limitation period contained in MCLA 600.5805(7); MSA 27A.5805(7) should apply, and that therefore the trial court erroneously found that the complaint against the defendant county road commission had failed to come within the statutory period.

Plaintiffs' cause of action against the defendant county road commission comes within the provisions of MCLA 691.1402; MSA 3.996(102). According to MCLA 691.1411(2); MSA 3.996(111)(2), claims arising under the above section are governed by a two-year period of limitations. It is clear that the two-year period of limitations applies to the instant suit. *Yarger v City of Hastings,*

375 Mich 413, 416; 134 NW2d 726 (1965), and cases cited therein. See, also, *Bonner v Moore,* 52 Mich App 80; 216 NW2d 458 (1974).

Having found that the two-year period of limitations applies to the instant case, we must now determine whether or not the trial court was correct in finding that the filing of plaintiffs' amended complaint and service of the same upon defendant county road commission after the expiration of the two-year period entitled the road commission to be dismissed as a party defendant in this case. For the reasons which follow below, we hold that the trial court erred in making such a determination.

In *Higginbotham v Fearer Leasing, Inc,* 32 Mich App 664, 667; 189 NW2d 125 (1971), *lv den,* 385 Mich 765 (1971), the court was faced with a situation in which a plaintiff, after the expiration of the applicable statute of limitations, moved the trial court for permission to amend its pleadings so that it might add a third party defendant as a principle defendant. Our Court reversed the granting of plaintiff's motion, and rejected the contention that the statute of limitations had been tolled by reason of the fact that the party who was the object of plaintiff's motion had been made a third party defendant previous to the expiration of the statute of limitations. 32 Mich App 664, 676. In the instant case, plaintiffs' motion to add the defendant county road commission as a party defendant was made more than two months before the expiration of the applicable statute of limitations.

*Rademaker v E D Flynn Export Co,* 17 F2d 15, 16 (CA 5, 1927), involved a problem somewhat similar to the one at hand. Prior to the expiration of the applicable statute of limitations, plaintiff moved the trial court for permission to add a party

defendant. However, contrary to what occurred in the instant case, the trial court granted plaintiff's motion on the day that motion was made. As did the instant plaintiffs, Rademaker filed an amended complaint after the expiration of the statute of limitations. The district court's dismissal of the suit against the added defendant was reversed, with the court stating that plaintiff's:

" * * * application for leave to amend, as full and comprehensive as this one is in its averment of facts, (stood) in the place of an actual amendment." (Citations omitted.) 17 F2d 15, 17.

The instant plaintiffs in effect filed an "application for leave to amend" its pleadings and to add the defendant county road commission as a party defendant more than two months previous to the expiration of the statute of limitations. While *Rademaker* has been distinguished on the grounds that the process had been issued and served upon the added defendant before the expiration of the statute of limitations, *Robbins v Esso Shipping Co,* 190 F Supp 880, 885 (SD NY, 1960), we find that the statute of limitations was tolled when plaintiffs filed their motion for permission to add the county road commission as a party defendant. We find that the statute of limitations was tolled for the period during which the trial judge had plaintiffs' motion under advisement. We should note that not only had plaintiffs filed a motion to add the county road commission as a defendant, but that the original defendants had filed, in June of 1972, stipulations agreeing to the addition of the county road commission as a defendant. However, it was necessary for the trial court to grant plaintiffs permission to add defendant as a party, and

said permission, by way of an order, was not granted until October 10, 1972.

Referring to Black's Law Dictionary (4th Ed), p 1658, *Buscaino v Rhodes,* 385 Mich 474, 481; 189 NW2d 202 (1971), noted "To toll the statute of limitations means to show facts which remove its bar of the action". We acknowledge the general rule that:

"The statutory period runs until the time of the filing of the amendment and if at that time the action is barred, a party thus subsequently brought in may avail himself of the plea." 51 Am Jur 2d, Limitation of Actions, § 272, p 798.

See, also, 8 ALR2d 6, §§ 53, 58, pp 112, 120, and 51 Am Jur 2d, Limitation of Actions, § 277, p 800. However, we find that the facts present in the instant case are sufficient to toll the two-year statute of limitations. Plaintiffs were diligent in seeking the addition of the county road commission as a party defendant, and should not be subject to any penalty as a result of the trial court's failure to act on said motion until the expiration of the statute of limitations. Therefore, we find that the trial court erred in dismissing the county road commission as a party defendant.

Reversed and remanded for proceedings consistent with the above opinion.

All concurred.