FOREST v PARMALEE (ON REHEARING)

MILLS v PARMALEE (ON REHEARING)

1. PLEADING—AMENDMENT OF PLEADINGS—ADDITION OF PARTIES—COURT RULES.

A plaintiff who fails to amend his pleadings within the time limits provided by court rule must obtain leave of the court to add a party; the manner in which such leave is granted is also controlled by court rule, and the two rules should be read together (GCR 1963, 118.1, 207).

2. PLEADING—MOTIONS—ADDITION OF PARTIES—HEARINGS ON MOTIONS—COURT RULES—STATUTE OF LIMITATIONS.

A plaintiff is not entitled to add a party defendant where he filed a motion to do so but failed to notice the motion for hearing until after the statute of limitations had expired; a notice of hearing is necessary to bring the motion before the court for consideration (GCR 1963, 110.2[1]).

3. LIMITATION OF ACTIONS—JOINT TORTFEASORS—STATUTE OF LIMITATIONS—TOLLING OF STATUTE—PLEADINGS—AMENDMENT OF PLEADINGS—ADDITION OF PARTIES.

The statute of limitations continues to run in favor of an alleged joint tortfeasor until he is made a party to the suit, and where a plaintiff attempts to amend his pleadings to add the new party after the expiration of the statute of limitations, the party sought to be added may avail himself of the statutory bar, unless the new party is a necessary party, or acquired his interest in the subject matter of the suit pendente lite, or where the amendment merely corrects a defect in the original proceedings.

4. LIMITATION OF ACTIONS—STATUTE OF LIMITATIONS—POTENTIAL ACTIONS—KNOWLEDGE OF CLAIM.

A party's mere knowledge of the existence of a potential claim or

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 61 Am Jur 2d, Pleading § 305 et seq.

Amendment of pleadings to assert statute of limitations. 59 ALR2d 169.

action against him does not toll the statute of limitations or estop him from asserting its provisions.

5. Pleading—Amendments to Pleadings—Relation Back—Addition of Parties—Court Rules.

A court rule which provides that an amendment to a pleading relates back to the date of the pleading, like the Federal rule from which it evolved, does not allow the addition or substitution of new parties after the expiration of the statute of limitations (GCR 1963, 118.4; F R Civ P, 15).

Appeal from Gratiot, Leo W. Corkin, J. Submitted Division 3 April 2, 1974, at Grand Rapids. (Docket Nos. 16910, 16911.) Decided May 30, 1974. Opinion on rehearing filed April 23, 1975. Leave to appeal applied for.

Complaints by Gary L. Forest and James C. Mills against Gerald L. Parmalee, Roy C. Davis, and the Gratiot County Board of Road Commissioners for damages for injuries resulting from an automobile accident. Accelerated judgment for defendant Gratiot County Board of Road Commissioners. Plaintiffs appeal. Reversed and remanded, 53 Mich App 505. On rehearing, original opinion reversed and the decision of the trial court affirmed.

*Robert L. Douglas,* for plaintiffs.

*Fortino, Plaxton & Moskal,* for defendant Gratiot County Board of Road Commissioners.

Before: ALLEN, P. J. and T. M. BURNS and R. L. SMITH,* JJ.

ON REHEARING

ALLEN, P. J. We granted rehearing in this mat-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ter to consider the propriety of our earlier holding that the two-year statute of limitations was tolled for the period during which the trial court had plaintiff's motion to add the road commission as a party defendant under advisement. 53 Mich App 505, 509; 219 NW2d 806 (1974). A re-examination of the record and a reconsideration of the applicable principles have led us to conclude that our previous holding was wrong, and that the trial court properly granted accelerated judgment in favor of defendant. GCR 1963, 116.1(5).

At the outset, it should be noted that the trial court did not have plaintiff's motion to add defendant under "advisement". Generally, advisement means:

"Consideration; consultation; deliberation; the act of a judge or justice in taking time to consider his judgment before rendering the same; the consultation of a court, after argument by counsel, and before delivering the opinion." 2A CJS, Advisement, p 130. (Footnotes omitted.)

See also 2A Words and Phrases, Advisement, p 292. Plaintiff's motion to add defendant was filed June 16, 1972. Although the original defendants signed stipulations agreeing to the addition of the county road commission on June 17 and June 21, 1972, these stipulations were not made part of the court file until October 11, 1972. On October 10, 1972, the trial court signed the order adding the county road commission as a defendant, and plaintiff's amended complaint was filed October 27, 1972. The applicable two-year statute of limitations expired August 10, 1972. MCLA 691.1411(2); MSA 3.996(111)(2).

GCR 1963, 118.1 provides that a party has the right to amend his pleading any time before or within 15 days after a responsive pleading has been served, or, if no responsive pleading is required and the action has not been placed upon the court's trial calendar, the party may amend before or within 15 days after his pleading has been served. The rule further states, "Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party". GCR 1963, 207 governs the addition of a party by court order, and rule 118 and rule 207 should be read together. *Matson v Soronen,* 57 Mich App 190; 226 NW2d 52 (1974). See also 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 414. Plaintiff's motion to amend failed to meet the time requirement of GCR 1963, 118.1, and thus plaintiff had to obtain leave of the circuit court for permission to add the county road commission as a defendant.

GCR 1963, 110.2(1) governs the pleading of a motion, and includes the statement "The motion and notice of the hearing thereof may be combined in the same instrument". As noted in the committee comment to that rule, existing practice at the time of the enactment of the court rule required a notice of the hearing of the motion, plus the motion itself, to be served on the opposite attorney. Apparently the new rule would allow the combining of both the motion and the written notice of hearing. According to the comment, "this allows the movant to set forth the notice and follow it with the motion". 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Committee Comment, pp 177–178. This rule, in conjunction with rules 207 and 118, has led us to conclude that plaintiff had to obtain the court's

permission to add the county road commission as a defendant, and to obtain that permission, plaintiff had to file a motion for leave to amend. See 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 414. Such leave had to include his motion plus a notice of hearing of that motion. An examination of the lower court record and plaintiff's motion to amend has revealed that plaintiff failed to notice his motion for hearing at the time it was filed in June of 1972.

Generally, a motion must be called to the trial court's attention, and must follow the applicable statutes or the court rules regarding its form and content. 60 CJS, Motions and Orders, § 10, p 17. From an examination of the record, it is clear that plaintiff's motion was not called to the trial court's attention until October 10, 1972, more than two months after the expiration of the two-year statute of limitations. *Hosner v Brown,* 40 Mich App 515, 537–538; 199 NW2d 295 (1972), *lv den,* 388 Mich 758 (1972), involved, *inter alia,* a situation in which plaintiff filed a motion to add a party defendant some nine months prior to trial. However, plaintiff failed to notice the motion for hearing until the day of trial. *Hosner* said that the motion for addition of party defendant on the day of trial was properly denied where plaintiff, although filing the motion well before trial, failed to notice it for hearing.

Plaintiff herein failed to notice his motion for hearing at the time the motion was filed, and his request was obviously not before the trial court previous to the expiration of the statute of limitations. Plaintiff had to have permission to amend his complaint. Plaintiff had to notice his motion for hearing in order that the trial court could

consider it. Generally, motions "are heard on the day for which they are noticed for hearing". Holmes & George, An Introduction To Michigan Civil And Criminal Procedure (Institute for Continuing Legal Education, 1974), p 66. Plaintiff was dilatory in bringing his request before the trial court, and failed to do so before the expiration of the two-year statute of limitations.

According to Anno: *Change in party after statute of limitations has run,* 8 ALR2d 6, § 53, p 112, it is "well settled" that:

"Where a defendant is brought into an action for the first time upon the filing of an amended or supplemental complaint, the filing of the amendment constitutes the commencement of the action in so far as such new defendant is concerned. The statutory period runs until the time of the filing of the amendment, and if at that time the action is barred, a party thus subsequently brought in may avail himself of the plea."

An exception to this rule is that the additional defendant may be brought in after the expiration of the statute of limitations where the new party is a necessary party, or acquired its interest in the subject matter of the suit "pendente lite" or where the amendment "merely corrects a defect in the original proceeding". 8 ALR2d 6, 112. None of these exceptions apply here. The Michigan decisions cited in support of these exceptions, *Casserly v Wayne Circuit Judge,* 124 Mich 157; 82 NW 841 (1900), and *Prather Engineering Co v Detroit F & S R Co,* 152 Mich 582; 116 NW 376 (1908), involved the foreclosure of a mechanics lien and the addition of a necessary and proper defendant. In the instant case, the county road commission, although perhaps desirable as a defendant as an alleged tort-feasor, is not strictly necessary to the

proper resolution of plaintiff's suit. As a general rule, the statute of limitations continues to run in favor of an alleged joint tort-feasor until it is made a party to the suit. 8 ALR2d 6, § 58, p 120. 51 Am Jur 2d, Limitation of Actions, §§ 272, 277, pp 798, 800. See also *Ciotti v Ullrich,* 267 Mich 136, 138–139; 255 NW 179 (1934), for the general rule that suit is not considered having been commenced against a new defendant until that person is made a party.

In our first opinion, we held that the statute of limitations was tolled from the time plaintiff filed his motion to amend until the trial court signed the order allowing plaintiff to add the county road commission as a defendant. 53 Mich App 505, 509–510. As noted in *IUUAWA v Wood,* 337 Mich 8, 15; 59 NW2d 60 (1953), "The ends of justice do not require the addition of parties defendant after the running of the statute of limitations, unless it has been tolled". *Wood* affirmed the denial of a motion to add party defendants in a libel suit when the motions were made after the statute of limitations had run as to the new parties. 337 Mich 8, 15. There was no proceeding pending against the county road commission before the expiration of the statute of limitations.

*Buscaino v Rhodes,* 385 Mich 474, 481–483; 189 NW2d 202 (1971), said that a suit was commenced by the filing of a complaint. The complaint against the county road commission in our case was not filed until October 27, 1972. Plaintiff was dilatory in seeking the authorization to amend the pleadings, and did not commence suit against the county road commission until after the expiration of the statute of limitations.

Unlike the situation in *Wells v The Detroit News, Inc,* 360 Mich 634, 640–641; 104 NW2d 767

(1960), plaintiff's amendment was not an effort to correct a misnomer. Where there is no service in fact on the misnamed party and where the new defendant was a distinct separate legal entity, our Court has affirmed the denial of a motion to amend and add a party defendant where that motion was apparently made after the expiration of the applicable statute of limitations. *Apple v Solomon,* 12 Mich App 393, 395–396; 163 NW2d 20 (1968). However, where a right party is served in the wrong name or in the wrong capacity, our Court has found that the addition of the correct defendant after the expiration of the statute of limitations was proper and that the trial court erred in granting accelerated judgment on the grounds that the statute of limitations had run. *Bensinger v Reid,* 17 Mich App 219, 224–225; 169 NW2d 361 (1969). In our case, the defendant county road commission does not come within this "right party, wrong capacity" rule.

In his original brief, plaintiff pointed out that the county road commission had in fact received notice of plaintiff's claim within the two-year period. In the course of the December 19, 1972, argument on defendant's motion for accelerated judgment, defense counsel stated that "the truth of the matter is that the Gratiot County Road Commission did in fact receive notice from the claimants within the two-year period in this case". In *Higgenbotham v Fearer Leasing, Inc,* 32 Mich App 664; 189 NW2d 125 (1971), *lv den,* 385 Mich 765 (1971), plaintiff, after the expiration of the statute of limitations, moved the trial court for permission to amend its pleadings so that plaintiff could add a party defendant who had been brought into the case previous to the expiration of the statute of limitations as a third-party defendant.

Although the third-party defendant obviously knew of the suit in that he had been made a third-party defendant by the original defendants, *Higgenbotham* distinguished *Bensinger v Reid, supra,* on the grounds that a misnomer problem was not involved. 32 Mich App 664, 668. The court then referred to the general rule that the statute of limitations continues to run in the new defendant's favor until the defendant is made party, and stated:

"Mere knowledge of the existence of a potential claim or action does not toll the statute of limitations or estop one from asserting its provisions." 32 Mich App 664, 676.

See also *Yarger v City of Hastings,* 375 Mich 413, 415–418; 134 NW2d 726 (1965), where, despite the fact that the defendant city had received a claim from plaintiff for injuries plaintiff allegedly sustained when he fell into a hole in one of defendant city's public sidewalks, the Court held that the city was not estopped from relying upon the statute of limitations to defeat plaintiff's suit where the complaint was filed after the statute of limitations had expired. Despite the county road commission's awareness of plaintiff's claim (the record fails to disclose the extent of that knowledge), it is clear that under the cases cited above, the statute of limitations was not tolled when plaintiff merely filed his motion to add the road commission as a defendant, and the county road commission is not estopped from relying upon the statute of limitations to defeat plaintiff's claim.

Our reliance upon *Rademaker v E D Flynn Export Co,* 17 F2d 15, 16 (CA 5, 1927), was misplaced. 53 Mich App 505, 508–509. Unlike our situation, the new defendant was served with proc-

ess previous to the expiration of the statute of limitations. Also, plaintiff's application for leave to amend included more than a mere motion for leave, but rather apparently incorporated factual allegations which, when served upon the new defendant, would sufficiently apprise him of the nature of the action previous to the end of the limitation period. In the instant case, plaintiff's motion to add defendant, while reciting that suit had been filed August 26, 1971 for injuries allegedly sustained as a result of defective highway condition, was neither noticed for hearing nor served upon the county road commission. Therefore, *Robbins v Esso Shipping Co,* 190 F Supp 880, 885 (SD NY, 1960), and its distinction of *Rademaker, supra,* should have been followed by the Court.

GCR 1963, 118, dealing with the amendment of pleadings, and in particular GCR 1963, 118.4, regarding the relation back of those amendments, evolved from the Federal rules of procedure, in particular F R Civ P 15. 1 Honigman & Hawkins, Michigan Court Rules Annotated, Committee Notes, p 408, and Authors' Comments, p 416. In *Marlowe v Fisher Body,* 489 F2d 1057, 1059 (CA 6, 1973), the court was faced with a civil rights suit filed August 5, 1970, where the allegedly discriminatory acts occurred May 18, 1967. On September 13, 1971, plaintiff was allowed to add the local UAW union as a defendant. Plaintiff's claim against the UAW was that it had engaged in a conspiracy with General Motors in the course of denying plaintiff his civil rights under Title VII of the Civil Rights Act of 1964, 42 USCA 2000e, *et seq.* Plaintiff argued that its amended complaint, filed September 28, 1971, related back to the date of the original complaint because it was concerned

with subsequent events arising out of defendant's continuing course of conduct which had been referred to in the original complaint. *Marlowe* rejected plaintiff's argument, stating:

"This court has held that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations. *United States v Western Casualty & Surety Co,* 359 F2d 521, 523 (CA 6, 1966). The 1966 amendment to Fed R Civ P 15(c) which permits correction of misnomers does not permit the addition or substitution of new parties. *Graves v General Insurance Corp,* 412 F2d 583 (CA 10, 1969). Thus the plaintiff cannot recover under Title VII of the Civil Rights Act of 1964 for injuries resulting from the alleged conspiracy between General Motors and UAW." 489 F2d 1057, 1064.

While the above Federal rule will allow the correction of misnomers, it will not allow the addition or substitution of new parties after the expiration of the statute of limitations. We have previously discussed this misnomer line of decisions, and have determined that they do not apply to our situation. Our re-examination of the record has led us to conclude that the facts in the instant case were not sufficient to toll the two-year statute of limitations. Therefore, the trial court properly granted defendant's motion for accelerated judgment dismissing the county road commission as a party defendant.

We reverse the decision at 53 Mich App 505; 219 NW2d 806 (1974), and affirm the decision of the trial court. Costs to defendant.