ZIMMER v BOWERS

Docket No. 46758. Submitted October 15, 1980, at Lansing.—Decided
December 3, 1980. Leave to appeal applied for.

Craig Zimmer, a nine-year-old child, lost his right eye as a result
of being shot with a BB gun by an 11-year-old friend, Danny
Bowers. Craig Zimmer, by Citizens Commercial and Savings
Bank, the guardian of Craig Zimmer, brought a negligence
action against Danny Bowers, Floyd W. and Xenia Zimmer,
parents of Craig Zimmer, and Basil L. and Patricia J. Bowers,
parents of Danny Bowers. After a trial in Shiawassee Circuit
Court, Peter J. Marutiak, J., a jury returned a verdict of no
cause of action. A judgment on that verdict was entered.
Plaintiff filed within 20 days of the entry of that judgment a
motion for judgment notwithstanding the verdict or, in the
alternative, for a new trial. While this motion was served upon
counsel for the defendants, the motion was not accompanied by
a notice of hearing for that motion. Defendants filed a motion
to dismiss plaintiff's motion. The trial court ruled that dis-
missal of plaintiff's motion was mandated by reason of plain-
tiff's failure to accompany that motion with a notice of hearing.
The trial court, however, further ruled that the jury's verdict
was not against the great weight of the evidence. Plaintiff
appeals. *Held:*

1. The court rules, while requiring that a motion for judg-
ment notwithstanding the verdict be filed within 20 days after
entry of judgment, do not require that the notice of hearing for
a motion to be filed with the motion. The court rules permit,
rather than require, a motion and a notice of hearing to be
combined in a single instrument and require only that the
notice of hearing be filed at least four days prior to the hearing.
Since the court rules "are to be construed to secure a speedy,
just and inexpensive determination of every action" and plain-

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments §§ 124, 125.
[2] 46 Am Jur 2d, Judgments § 117.
Practice and procedure with respect to motions for judgment not-
withstanding or in default of verdict under Federal Civil Rule
50(b) or like state provisions. 69 ALR2d 449.

tiff's failure to file an immediate notice of hearing worked no injustice on defendants, the trial court improperly dismissed plaintiff's motion for judgment notwithstanding a verdict on the basis of the failure of plaintiff to file a notice of hearing along with the motion.

2. Since there existed a question of fact upon which reasonable persons could differ relative to whether there had been negligent conduct, the motion for judgment notwithstanding the verdict or for a new trial was properly denied by the trial court.

Affirmed.

1. MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING VERDICT — NOTICE OF HEARING — COURT RULES.

Dismissal of a motion for judgment notwithstanding the verdict on the basis that the notice for hearing on that motion was not filed and served within 20 days of the entry of judgment is improper where the motion itself was filed within 20 days, since, while the court rules require that the motion for judgment notwithstanding the verdict be filed within 20 days, the court rules do not require the notice of hearing on the motion to be filed with the motion but rather provide that the notice of hearing shall be filed at least four days before the hearing (GCR 1963, 108.4, 110.2, 515.2).

2. MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING VERDICT — EVIDENCE.

A motion for judgment notwithstanding the verdict is properly denied where there was a question on which reasonable persons could differ, since under such circumstances a trial court could not say that the jury's verdict was against the great weight of the evidence.

*Shanahan & Scheid,* for plaintiff.

*Des Jardins, Des Jardins & Moorhead,* for defendants Bowers.

*Shulaw, Bowne & Omer, P.C.,* for defendants Zimmer.

Before: M. F. CAVANAGH, P.J., and T. M. BURNS and R. H. CAMPBELL,* JJ.

PER CURIAM. This action arose out of the unfortunate shooting of Craig Zimmer, then aged nine, during a hunting expedition with his 14-year-old brother, Ronnie, and Craig's 11-year-old friend, Danny Bowers.

Craig and Danny were playing at Craig's home when Craig asked his mother, Xenia Zimmer, if he could go hunting with his older brother Ronnie. She granted permission for him to go hunting with his BB gun, but she did not know that Danny Bowers would be carrying an air rifle. Before leaving, Danny called his mother to receive permission to accompany the two Zimmer boys. Hesitant at first, Patricia Bowers called her husband to get his opinion about the boys going hunting with a BB gun. Not receiving a reply from her husband, she gave Danny permission and warned him to be careful.

After hunting for two hours, while on the way back to the Zimmer home, the boys began playing in and around a tree house and a BB gun fight broke out. There is a dispute about how the fight began. Both Craig and Danny were involved in the fight. It is undisputed that Craig Zimmer was struck in the right eye by a shot from Danny's air rifle and as a result lost the eye.

A complaint was filed in circuit court naming Danny Bowers and, by amendment to the complaint, Danny Bowers' parents and Craig Zimmer's parents, as defendants. After a trial of the action, the jury returned a verdict of no cause of action as to all defendants. The trial court entered a judgment on this verdict. Plaintiff filed its motion for

* Circuit judge, sitting on the Court of Appeals by assignment.

judgment notwithstanding the verdict or, in the alternative, for new trial under GCR 1963, 515.2, and served the same upon counsel for the defendants. Plaintiff did not file a notice of hearing for this motion.

The defendants filed a motion to dismiss plaintiff's motion. The trial court ruled that plaintiff's motion was required to be accompanied by a notice of hearing and dismissed plaintiff's motion. The trial court ruled, however, that the jury's findings were neither against the great weight of the evidence nor were they illogical and so denied plaintiff's motion. Plaintiff appeals the trial court's ruling.

This Court is called upon to determine whether a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial must be noticed for hearing by means of an actual notice of hearing filed within the 20-day time limitation of GCR 1963, 515.2.

GCR 1963, 515.2 states in part:

"Motion for Judgment Notwithstanding the Verdict. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the moving party may move not later than 20 days after the entry of judgment to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict."

All motions in Michigan are governed by GCR 1963, 110.2 which states in part:

"An application to the court for an order in a pending action shall be by motion, which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefore, and

shall set forth the relief or orders sought. The motion
and notice of hearing thereof may be combined in the
same instrument."

The rule does not mandate that the motion and
notice of hearing be served together nor does it
establish a specific time requirement for service.

GCR 1963, 108.4 requires that a written motion
and the notice of hearing be served upon opposing
parties not later than four days before the time of
hearing, unless a different time period is fixed. In
the instant case, the motion for judgment notwith-
standing the verdict must be made within 20 days
from the date of entry of judgment in accordance
with GCR 1963, 515.2, but that rule does not
require that the motion be heard within the 20
days. Under GCR 1963, 108.4 the service of notice
of hearing on an opposing party is valid if it occurs
not later than four days prior to the hearing.

"The form and sufficiency of all motions and
pleadings shall be determined by these rules, con-
strued and enforced to secure a just, speedy, and
inexpensive determination of all controversies on
their merits." GCR 1963, 110.3. "The last sentence
of sub-rule 110.3 dictating that its provisions as to
form and sufficiency of pleadings and motions
shall be construed to achieve an expeditious dispo-
sition of matters on their merits, is a specific
reaffirmation of the basic principle of construction
set forth in Rule 13." 1 Honigman & Hawkins,
Michigan Court Rules Annotated (2d ed), p 182.

GCR 1963, 13 states:

"These rules are to be construed to secure the just,
speedy, and inexpensive determination of every action
so as to avoid the consequences of any error or defect in
the proceedings which does not affect the substantial
rights of the parties."

Here, plaintiff filed the motion within the 20 days required by GCR 1963, 515.2. The trial court could not hear the motion until notice of hearing was filed, but the defendant was not subjected to any injustice by the plaintiff's not having immediately filed the notice. GCR 1963, 108.4 requires only that notice be served not later than four days before the hearing.

This case does not come within the purview of *Forest v Parmalee (On Rehearing)*, 60 Mich App 401; 231 NW2d 378 (1975), where a motion was filed to add a party as a defendant in a lawsuit but no notice for hearing was filed before the statute of limitations had expired. The *Forest* Court was reiterating the rule that "the statute of limitations continues to run in a new defendant's favor until the defendant is made a party". *Forest, supra,* 409. The new defendant in *Forest* was not even served with the motion to add it as a defendant.

Defendant herein was already a party to the action, and had been served with the plaintiff's motion. In light of the purpose of the court rules to secure "just, speedy and inexpensive determination of every action" (GCR 1963, 13), we find that the motion was improperly dismissed.

The trial court properly denied plaintiff's motion for a judgment notwithstanding the verdict. Three boys, ages 9, 11 and 14, went hunting. They had been instructed in the use of guns. They ignored the safety instructions and began a BB gun fight. Defendant Danny Bowers shot an air rifle out of the tree house without looking, in an attempt to get Craig to stop shooting. The shot hit the plaintiff in the eye, causing its loss. Viewing the evidence in the light most favorable to the defendant Danny Bowers, reasonable persons could differ as to whether the conduct was negligent for an 11-

year-old boy. *Burhams v Witbeck,* 375 Mich 253, 255; 134 NW2d 225 (1965). Accordingly, the motion was properly denied.

This hunting trip was the first occasion on which Craig or Danny had used the BB gun without adult supervision and neither set of parents knew the training of the other boy. This was the first time that the plaintiff had been allowed to take his BB gun off the family property. Mrs. Bowers was very hesitant about allowing Danny to go hunting with the two Zimmer boys. All of the boys had been given extensive instruction in gun safety prior to the accident. Neither Mrs. Zimmer nor Mrs. Bowers knew that Danny was taking the air rifle with him that day. In view of this evidence, it was not improper for the trial court to conclude that the great weight of the evidence was not against the verdict and, therefore, to deny the motion.

Affirmed.