FUNDUNBURKS v MICHIGAN MUTUAL LIABILITY COMPANY

1. PLEADING—AMENDING PLEADINGS—LIMITATION OF ACTIONS—THIRD-PARTY DEFENDANTS—PRINCIPAL DEFENDANTS.

   A plaintiff in a civil suit cannot amend his pleadings after the running of the statute of limitations to make a third-party defendant a principal defendant.

2. FRAUD—FRAUDULENT CONCEALMENT.

   Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation and mislead or hinder acquirement of information disclosing a right of action; the acts relied on must be of an affirmative character and fraudulent.

3. RECORDS—PUBLIC INFORMATION—WORKMEN'S COMPENSATION—INSURANCE CARRIERS—STATUTES.

   The name of an employer's workmen's compensation carrier is public information, pursuant to the Administrative Procedures Act of 1969 (MCLA 24.201 *et seq.*).

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted June 3, 1975, at Detroit. (Docket No. 21893.) Decided August 14, 1975.

Complaint by Marshall W. Fundunburks against Cincinnati Milacron Company and Corporate Service, Inc., for damages for injuries sustained during the course of employment. Third-party complaint by Corporate Service, Inc., against Michigan Mutual Liability Company for indemnification or contribution. Complaint by plaintiff against Michigan Mutual Liability Company. Michigan Mutual

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions §§ 217, 391.
[2] 37 Am Jur 2d, Fraud and Deceit § 145.
[3] 2 Am Jur 2d, Administrative Law § 201 *et seq.*

Liability Company's motion for accelerated judgment against plaintiff granted. Plaintiff appeals. Affirmed.

*Goodman, Eden, Millender, Goodman & Bedrosian* (by *Richard M. Goodman* and *Robert A. Koory),* for plaintiff.

*Martin, Bohall, Joselyn, Halsey, Rowe & Jamieson, P. C.,* for Michigan Mutual Liability Company.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

R. B. BURNS, J. Defendant Corporate Service, Inc. added Michigan Mutual Liability Company as a third-party defendant. Plaintiff then filed a cross-complaint directly against Michigan Mutual. Michigan Mutual moved for, and was granted, an accelerated judgment against plaintiff, based upon the expiration of the statute of limitations. Plaintiff appeals and we affirm.

Plaintiff, an employee of the Wohlert Corporation, was injured during the course of his employment. At the time of the injury, April 15, 1969, he was 18 years old. He turned 21 on November 9, 1971. Under MCLA 600.5851; MSA 27A.5851 he had until November 9, 1972 to bring any action arising out of the accident.

In April, 1972, plaintiff instituted suit against Cincinnati Milacron, the manufacturer of the machine on which he was working at the time of the injury. On October 19, 1972, plaintiff took the deposition of Rolland Patenge, Wohlert's vice-president, and discovered that Corporate Service, Inc. was its workmen's compensation carrier. Suit was instituted against Corporate Service and both cases were consolidated.

In February, 1974, Corporate Service was granted leave to file a third-party complaint against Michigan Mutual. In its complaint, Corporate Service alleged that it had entered into a service contract with Wohlert on March 1, 1969, and that it had only made one visit to Wohlert prior to the accident. It further alleged that Michigan Mutual Liability Company had been Wohlert's workmen's compensation insurer from March 1, 1963, through March 1, 1969, and that it had undertaken the duty to inspect the equipment and facilities. Corporate Service sought indemnification or contribution from Michigan Mutual should it be found liable to the plaintiff.

On March 29, 1974, plaintiff filed a "cross-complaint" against Michigan Mutual, alleging the same grounds of negligence as had Corporate Service. Michigan Mutual moved for, and was granted, an accelerated judgment against plaintiff based upon the statute of limitations, *supra.*

Plaintiff was barred by the statute of limitations from instituting suit against Michigan Mutual at a time prior to Corporate Service bringing Michigan Mutual into the case as a third-party defendant. He cannot amend his pleading after the running of the statute to make a third-party defendant a principal defendant. *Higginbotham v Fearer Leasing, Inc,* 32 Mich App 664; 189 NW2d 125 (1971).

Plaintiff, in his brief in opposition to Michigan Mutual's motion for accelerated judgment, although he did not plead such a theory in his cross-complaint, alleged that he had been a victim of fraudulent concealment, and stated:

"It is plaintiff's position, and plaintiff will offer proof at trial if necessary, that such concealment by Wohlert was done fraudulently to prevent inquiry, hinder, or mislead the acquirement of information with respect to

the identity of parties who may be liable, in particular that of Michigan Mutual."

Plaintiff did not allege any facts beyond mere conclusion as to fraudulent concealment by Wohlert. In our opinion the trial court was correct in granting Michigan Mutual an accelerated judgment.

Two other factors should be mentioned in this opinion.

Plaintiff relies on the testimony of Rolland Patenge, taken at his deposition on October 19, 1972, to establish fraudulent concealment. At the time of the accident he was plant manager in charge of production, although he was vice-president at the time his deposition was taken. Plaintiff theorizes that he concealed the fact that Michigan Mutual had been the workmen's compensation carrier. He was asked, "When did Corporate Service first become servicing * * * ?" Answer: "I don't know the exact date but it seems like it was something like January of that year. We hadn't had them for too long when this accident happened."

Plaintiff was told the deponent did not know when the servicing began. Certainly he did not conceal anything. He was never asked.

In *DeHaan v Winter*, 258 Mich 293, 296; 241 NW 923, 924 (1932), the Court defined fraudulent concealment:

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent."

Further, an employer's workmen's compensation carrier is public information. Pursuant to the

Administrative Procedures Act of 1969, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.,* identifiable materials, not specifically exempted by MCLA 24.222; MSA 3.560(122), were available to plaintiff.

Affirmed. Costs to Michigan Mutual Liability Company.