THIEL v THE SCENE, INC

Docket No. 56418. Submitted April 6, 1982, at Lansing.—Decided July
    13, 1982.

Robert J. Thiel, individually, and Mona J. Thiel, individually and
    as personal representative of the estate of Robert J. Thiel, Jr.,
    deceased, filed suit in Saginaw Circuit Court against The Scene,
    Inc., The Ace of Clubs, Inc., the Reflection, Inc. (all taverns),
    John Donald Parr, John Parr, Joseph Christopher Deisler and
    Joseph Deisler, seeking damages for the death of Robert Thiel,
    Jr., as a result of an automobile accident involving a vehicle
    owned by Joseph Deisler and operated by Joseph Christopher
    Deisler, in which the plaintiffs' decedent was a passenger, and a
    vehicle operated by John Donald Parr. That complaint was
    filed prior to the running of the limitation period for dramshop
    actions. Subsequent to the running of the limitation period,
    defendants Joseph Christopher Deisler, individually, and Jo-
    seph Deisler, individually and as administrator of the estate of
    James Edward Deisler, deceased, filed a cross-claim based on
    the dramshop act against the taverns, John Donald Parr, and
    John Parr. The court, Gary R. McDonald, J., granted acceler-
    ated judgment for the cross-defendants based on the limitation
    period for dramshop actions with regard to the cross-claim by
    Joseph Deisler as administrator of the estate of James Deisler
    because the estate was not an original party plaintiff or defen-
    dant but denied accelerated judgment to the cross-defendants
    as to the remaining cross-claims. The cross-defendants appeal
    by leave granted. *Held:*

    The trial court erred in denying cross-defendants' motions for
    accelerated judgment as to all of the cross-claims because the
    cross-plaintiffs are seeking damages arising out of an indepen-
    dent cause of action against the cross-defendants. Nothing
    prevented the cross-plaintiffs from proceeding against the cross-
    defendants on their own within the limitation period. There is

REFERENCES FOR POINTS IN HEADNOTE
51 Am Jur 2d, Limitation of Actions § 78.
Tort claim against which period of statute of limitations has run as
    subject to setoff, counterclaim, cross bill, or cross action in tort
    action arising out of same accident or incident. 72 ALR3d 1065.

no good reason to permit the cross-plaintiffs to avoid the effect of the limitation period.

Reversed and remanded.

LIMITATION OF ACTIONS — CROSS-CLAIMS.

Periods of limitation for cross-claims between codefendants are not tolled by the filing of the original complaint even where those claims arose out of the same series of events upon which the original complaint was based.

*Ulanoff, Ross, Summer, Lakritz, Wesley & Bloom, P.C.,* for the taverns.

*Fordney & Cady, P.C.,* for the Deislers.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and K. B. GLASER,* JJ.

PER CURIAM. Cross-defendants appeal by leave granted from an order of the circuit court denying their motion for accelerated judgment. The issue on appeal is whether the filing of a complaint tolls the statute of limitations for claims between codefendants, where those claims arose out of the same series of events that form the basis of the original complaint.

This dispute arose out of a 1978 automobile accident in which two persons were killed. Two days before the limitation period under the dramshop act[1] expired, the estate of one of the decedents and certain other individuals filed suit against the drivers and owners of the two automobiles involved in the collision and against two bars which allegedly served alcohol to one of the drivers while he was visibly intoxicated.

Approximately three months after the original complaint was filed, the estate of the other dece-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 436.22 *et seq.;* MSA 18.933 *et seq.*

dent and certain other individuals who were also named defendants in the original complaint filed cross-claims against the codefendant bars and individuals. The trial court granted accelerated judgment against the cross-plaintiff estate (since it was not a party to the original suit), but denied accelerated judgment against the cross-plaintiff individuals, since they were parties to the original suit. The court, analogizing cross-claims to counter-claims, held that the filing of the original complaint tolled the running of the two-year statute of limitations as to all named parties in the original complaint. We reverse.

As a general rule, limitation periods for cross-claims between codefendants are not tolled by the filing of the original complaint even where those claims arose out of the same series of events upon which the original complaint is based. *Trindade v Superior Court of Contra Costa County,* 29 Cal App 3d 857, 858; 106 Cal Rptr 48 (1973); 54 CJS, Limitations of Actions, § 285, p 344.

Although this Court has never expressly adopted this rule, a similar approach has been employed in cases involving analogous factual situations. GCR 1963, 204 authorized third-party practice in Michigan. In *Higginbotham v Fearer Leasing, Inc,* 32 Mich App 664; 189 NW2d 125 (1971), *lv den* 385 Mich 765 (1971), the plaintiff filed a suit against the principal defendants for injuries arising out of an automobile collision. The defendants filed an answer and later filed, within the applicable limitation period, a third-party complaint for contribution against some third-party defendants. Much later, the trial court allowed the principal plaintiffs to amend their complaint to include a third-party defendant as a principal defendant—despite the expiration of the limitation period applicable to the claim between the original plaintiffs and the

third-party defendant—on the ground that the third-party defendant knew of the litigation and was not prejudiced by the amendment. *Id.,* 668. This Court reversed, holding that GCR 1963, 204 does not provide a method for obtaining jurisdiction and that the timely filing of a third-party complaint does not toll the running of the statute of limitations for causes of actions involving parties other than the third-party plaintiff.

MCL 600.5823; MSA 27A.5823 provides for special tolling rules with respect to counterclaims, as opposed to cross-claims. No such statute or court rule exists with respect to cross-claims. Nevertheless, despite the absence of express statutory authority, this Court, in the exercise of its general equitable powers, would be willing to permit the tolling of the limitation period if cross-plaintiffs were merely seeking indemnification against, or contribution with respect to, liability arising out of the original, principal claims. This, however, is not the case; cross-plaintiffs are seeking damages arising out of an independent cause of action against the cross-defendants. If cross-plaintiffs were only seeking indemnification, they could not have filed an appropriate action until the commencement of the principal lawsuit. In contrast, in the situation before us, nothing prevented the cross-plaintiffs from proceeding against the cross-defendants, on their own, within the limitation period. We perceive no good reason to permit cross-plaintiffs to avoid the effect of the statute of limitations.

We conclude that the trial court erred in denying cross-defendants' motion for accelerated judgment and order the dismissal of the cross-claims with prejudice.

Reversed and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction. Cross-defendants may tax costs.