WOLFF v. DALTON

1. LANDLORD AND TENANT—DESTRUCTION OF PREMISES—TERMINATION OF LEASE.

Dismissal of an action by a lessee against the lessor for breach of the lease was proper where the leased premises were in such condition that their rehabilitation was not feasible, the city commission had condemned the building and ordered its demolition, all the tenants voluntarily removed themselves from the building, and the owners consented to the condemnation and gave notice of the termination of the lease to all tenants, and where the lease provided that the lessee accepted the premises in the condition they were in and that in case the premises were destroyed to the extent of more than one-half their insurable value, the owners could, at their option, terminate the lease by written notice to the lessee.

2. APPEAL AND ERROR—FORM OF JUDGMENT—CORRECTION OF JUDGMENT—COURT RULES.

The Court of Appeals has the power to give any judgment and make any order which ought to have been given or made, so that where the entry of an order dismissing plaintiff's action was correct although on the wrong grounds and summary judgment was proper, the Court of Appeals may enter judgment in the proper form (GCR 1963, 820.1[7]).

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 November 13, 1970, at Lansing. (Docket No. 8421.) Decided December 9, 1970.

Complaint by Harold A. Wolff against Nellie A. Dalton, Edward F. Van Nest, Emily B. Van Nest, Helen C. Van Nest, and Milner Hotels, Inc., for breach of contract. Complaint dismissed. Plaintiff appeals. Affirmed as modified.

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur 2d, Landlord and Tenant § 995.
[2] 5 Am Jur 2d, Appeal and Error § 727.

*Roger H. Nielsen* and *Rappleye & Bannasch* (*Albert T. Quick* and *Hatch & Hatch,* of counsel), for plaintiff.

*Kelly, Kelly & Kelly* for defendants Van Nest.

*McClintock, Fulton, Donovan & Waterman* (*Daniel N. King,* of counsel), for defendant Milner Hotels, Inc.

Before: Quinn, P. J., and Danhof and Carroll,[*] JJ.

Per Curiam. February 8, 1949, Nellie Dalton and the Van Nests, owners, leased to Milner Hotels, Inc., a hotel building in Jackson, Michigan for a term of ten years from and after July 20, 1949. Excepted from the lease were the first floor and basement "now occupied by the Citadel Bar". By the terms of this lease, maintenance of the roof and outer walls was the obligation of the owners and maintenance of the interior was the obligation of the lessee. The lease also provided that the lessee accepted the premises in the condition they were in and that in case the premises were destroyed to the extent of more than one-half of the insurable value thereof, owners, at their option, could terminate the lease forthwith by written notice to the lessee. Lessee also agreed to save lessors harmless from liability arising from its occupancy.

March 15, 1949, the owners leased to plaintiff's predecessors in interest the first floor and basement of the hotel building for a term of ten years from and after July 20, 1949. The lessees accepted the premises in the condition they were in and agreed to maintain the interior. Lessees also agreed to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

save lessors harmless from liability arising from lessees' occupancy of the premises, and it was mutually agreed that in the event the premises were destroyed to the extent of more than one-half of the insurance value, owners, at their option, could terminate the lease forthwith by written notice to the lessees.

September 1, 1954, Milner Hotels, Inc. leased part of the hotel lobby to plaintiff's predecessor in interest for a term commencing that date and ending July 20, 1959. Lessee accepted the premises "as is" and agreed to save lessor harmless from liability arising out of, based upon or connected with lessee's occupancy of the premises.

About September 30, 1957, the building inspection department of the City of Jackson determined that the building was unsafe due to structural deterioration and notified the owners that the building should be repaired or torn down. October 3, 1957, the city commission by resolution condemned the building and ordered its demolition. This resolution noted that "all tenants, occupants and patrons of the businesses on said premises have voluntarily removed from the building". The owners consented to the condemnation and October 3, 1957, they gave written notice of termination of the lease to Milner Hotels, Inc., and a similar notice to plaintiff's predecessor in interest on October 8, 1957.

September 26, 1963, plaintiff commenced this action by filing a two count complaint. Count one sought damages against the owners for breach of the lease, and count two was a similar action against Milner Hotels, Inc. Nellie Dalton was never served with process and the trial court dismissed the action against the owners on the theory that it could not be maintained against less than all the owners. Count two was dismissed on the theory that it be-

came too speculative and conjectural when count one fell. Plaintiff petitioned for rehearing which was denied and he appeals.

The result of the action by the trial court was proper, although the reasons for and the form of the judgment below was improper. An action can be maintained against less than all the joint obligors, GCR 1963, 205.1, 205.2 and 207.

The record, as supplemented pursuant to this Court's request of November 16, 1970, establishes that on October 3, 1957, the leased premises were in such a condition that they presented an immediate hazard of total collapse and that rehabilitation was not feasible. That record further establishes that all tenants, occupants and patrons of the businesses on said premises acquiesced in the administrative action of demolition, voluntarily removed from the building and consented to the cessation of their business operations therein and that the building was now vacant and unoccupied. Under these facts, the owners properly exercised their option to terminate the lease on which plaintiff filed this action against them, and they did terminate the lease. This was not a breach of the lease but pursuant to it.

By his lease with Milner Hotels, Inc., plaintiff accepted the premises "as is" and agreed to save lessor harmless from liability connected with his occupancy of the premises.

The foregoing facts lead us to conclude that plaintiff failed to state a claim upon which relief could be granted, and under GCR 1963, 117, the form of judgment below should have been summary judgment for defendants. As authorized by GCR 1963, 820.1(7), summary judgment for defendants may enter in this Court.

Affirmed with costs to defendants.