AMER v CLARENCE A DURBIN ASSOCIATES

Docket No. 77-1454. Submitted June 21, 1978, at Detroit.—Decided November 7, 1978.

On October 2, 1973, Mohammed A. Amer was allegedly injured in a slip and fall accident while crossing a concrete garage floor at the Michigan Humane Society Building in Pontiac where he was employed. Mohammed Amer and Hanem Amer, his wife, commenced an action for damages for personal injuries and for loss of conjugal fellowship against Clarence A. Durbin Associates, Inc., and John Doe Corporation. Defendant Durbin Associates was alleged to have been either the builder, contractor, subcontractor or designer of the building in which the accident happened. Defendant John Doe Corporation allegedly manufactured and sold construction and finishing materials for concrete floors to the builders of the building in which plaintiff allegedly fell.

Through answers to interrogatories, filed by defendant Durbin, the plaintiffs learned that Van Horn Bros., Inc., played a role in the construction of the building. On September 27, 1976, the plaintiffs filed a motion to add necessary parties defendant. Van Horn Bros., Inc., was among those defendants sought to be added by the plaintiffs. The trial court on October 1, 1976, entered an order whereby the additional defendants were made parties to the action. On October 18, 1976, the plaintiffs filed an amended complaint which specifically named Van Horn Bros., Inc., as a defendant.

Defendant Van Horn Bros., Inc., filed a motion, on November 12, 1976, for accelerated judgment based on the three-year statute of limitations. The trial court denied this motion. Defendant Van Horn Bros., Inc., appeals by leave granted. *Held:*

1. Defendant Van Horn Bros., Inc., is not a necessary party

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions §§ 272-287.
59 Am Jur 2d, Parties §§ 189, 192-198, 205.
[2] 51 Am Jur 2d, Limitation of Actions §§ 272-287.
59 Am Jur 2d, Parties §§ 189, 192-198.
[3] 51 Am Jur 2d, Limitation of Actions §§ 272-287.
59 Am Jur 2d, Parties §§ 189-191.

to the action; therefore, the plaintiffs had to have commenced their action against that defendant within the limitations period.

2. It must be determined whether or not the filing of the plaintiffs' motion for leave to amend the complaint tolled the running of the statute of limitations. Such a determination in the first instance should be made by the trial court and should be based in part on the plaintiffs' diligence in attempting to join the defendant.

Reversed, and the matter remanded for a determination of the plaintiffs' diligence.

1. Limitation of Actions—Joint Tortfeasors—Statute of Limitations—Tolling of Statute—Pleading—Amendment of Pleading—Addition of Parties.

The statute of limitations continues to run in favor of an alleged joint tortfeasor until he is made a party to the suit; where a plaintiff attempts to amend his pleadings to add a new party after the expiration of the statute of limitations, the party sought to be added may avail himself of the statutory bar, unless the new party is a necessary party, or acquired his interest in the subject matter of the suit pendente lite, or where the amendment merely corrects a defect in the original proceedings.

2. Action—Commencement of Action—Complaint—Adding Parties as Defendants—Court Rules.

A court action is normally commenced with the filing of a complaint; this rule also applies when parties are added as defendants to a suit (GCR 1963, 101, 205.2, 206, 207).

3. Action—Limitation of Actions—Added Parties—Compliance with Court Rules—Judge's Discretion—Amended Complaint—De Novo Review—Dilatory Tactics.

The question of whether a party seeking to add new parties to the litigation has complied with the court rules so as to entitle him to suspend the running of an applicable limitation period in favor of an added party is for determination in the first instance by the trial court; an added party may obtain the trial court's review of the circumstances leading up to the filing of the amended complaint by filing a motion for accelerated judgment based upon the statute of limitations and the trial court may then review *de novo* the procedural steps taken by the amending party to assure that dilatory tactics have not unjustly deprived the added party of his legitimate statute of

limitation defense; it is then within the discretion of the trial court to grant or deny the motion based upon its evaluation of the circumstances in each case.

*Goodman, Eden, Millender & Bedrosian* (by *Richard A. Soble),* for plaintiffs.

*Harvey, Kruse & Westen, P.C.* (by *Gary A. Maximiuk),* for defendant Van Horn Bros., Inc.

Before: D. C. Riley, P.J., and M. F. Cavanagh and B. M. Hensick,* JJ.

Per Curiam. The essential facts of this appeal are not in dispute. Plaintiff Mohammed Amer was allegedly injured on October 2, 1973, in a slip and fall accident. On July 9, 1975, plaintiffs filed a complaint in this action against Durbin Associates and John Doe Corporation. John Doe Corporation allegedly manufactured and sold construction and finishing materials for concrete floors to the builders of the building in which plaintiff allegedly fell. Through answers to interrogatories filed by defendant Durbin on March 17, 1976, plaintiffs became aware of the role of defendant Van Horn Bros., Inc., in the construction of the building. On September 27, 1976, plaintiffs filed a "motion to add necessary parties defendant". The motion was based on GCR 1963, 205. Van Horn Bros., Inc., was among those defendants sought to be added. On October 1, 1976, the trial court entered an order whereby the additional defendants were "made parties to this action." On October 18, 1976, plaintiffs filed an amended complaint which specifically named defendant Van Horn. Defendant Van Horn was served with this complaint on October 26, 1976.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On November 12, 1976, defendant Van Horn filed a motion for accelerated judgment based on the applicable three-year statute of limitations. The trial court denied defendant's motion, holding that its order conferred jurisdiction over defendant and served to add defendant as a party; that defendant was a necessary party; and that the amendment cured a misnomer in the original complaint by substituting defendant for John Doe Corporation.

The parties agree that this action is controlled by the three-year statute of limitations in MCL 600.5805(7); MSA 27A.5805(7). The issue in dispute is whether the action was commenced against this defendant within that three-year limitations period.

In *Forest v Parmalee (On Rehearing),* 60 Mich App 401, 406–407; 231 NW2d 378 (1975), *aff'd on other grounds,* 402 Mich 348; 262 NW2d 653 (1978), this Court stated:

"According to Anno: *Change in party after statute of limitations has run,* 8 ALR2d 6, § 53, p 112, it is 'well settled' that:

'Where a defendant is brought into an action for the first time upon the filing of an amended or supplemental complaint, the filing of the amendment constitutes the commencement of the action in so far as such new defendant is concerned. The statutory period runs until the time of the filing of the amendment, and if at that time the action is barred, a party thus subsequently brought in may avail himself of the plea.'

An exception to this rule is that the additional defendant may be brought in after the expiration of the statute of limitations where the new party is a necessary party, or acquired its interest in the subject matter of the suit 'pendente lite' or where the amendment 'merely corrects a defect in the original proceeding'. 8 ALR2d 6, 112. * * * As a general rule, the statute of

limitations continues to run in favor of an alleged joint tort-feasor until it is made a party to the suit. 8 ALR2d 6, § 58, p 120. 51 Am Jur 2d, Limitation of Actions, §§ 272, 277, pp 798, 800. See also *Ciotti v Ullrich,* 267 Mich 136, 138–139; 255 NW 179 (1934), for the general rule that suit is not considered having been commenced against a new defendant until that person is made a party."

As to plaintiffs' assertion that defendant is a necessary party, we disagree. Defendant is, at most, a joint tortfeasor. Plaintiffs have complete relief available from defendants already in the suit. Therefore, defendant is not a necessary party within the meaning of GCR 1963, 205. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 551. *Cf. Wolff v Dalton,* 28 Mich App 643, 646; 185 NW2d 189 (1970). Defendant's presence in the suit may be desirable, but it is not necessary. See *Forest v Parmalee, supra,* at 406–407. The trial court thus erred in ruling that defendant was a necessary party. Because defendant is not a necessary party, plaintiffs must begin their action against defendant within the limitations period.

A court action is normally commenced with the filing of a complaint. *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971), GCR 1963, 101. That rule also applies when parties are added as defendants to a suit. *Forest v Parmalee, supra,* at 406–407. In the instant case, plaintiffs contend and the trial court agreed that the action against defendant commenced with the trial court's order. Defendant argues that the trial court's order does nothing more than grant plaintiffs leave to amend their complaint to include defendant as a party. Our review of GCR 1963, 205.2, 206, 207 and the Author's Comments thereto in 1 Honigman & Hawkins, *supra,* persuades us that the defendant

is correct and the trial court in error in this regard. We then are left with the issue of whether filing a motion for leave to amend a complaint tolls the statute of limitations.

Our review of the original opinion issued in *Forest* and the decision on rehearing[1] indicates that, in appropriate circumstances, such a motion may have this effect. These opinions suggest that the deciding factor in this regard is a plaintiff's diligence in attempting to join the defendant. This is also the approach adopted in *Charpentier v Young,* 83 Mich App 145; 268 NW2d 322 (1978). In *Charpentier,* this Court was faced with a fact situation similar to the one at bar and adopted a case by case approach. It left much discretion with the trial court, stating:

"[W]hether a party seeking to add parties to the litigation has complied with the court rules so as to entitle him to suspend the running of an applicable statute of limitations in favor of an added party, is for determination in the first instance by the trial court. An added party may obtain the trial court's review of the circumstances leading up to the filing of the amended complaint by filing a motion for accelerated judgment based upon the statute of limitations. The trial court may then review *de novo* the procedural steps taken by the amending party to assure that dilatory tactics have not unjustly deprived the added party of his legitimate statute of limitations defense. It is then within the discretion of the trial court to grant or deny the motion based upon his evaluation of the circumstances in each case." *Charpentier v Young, supra,* at 149–150.

The trial court in the instant case, however, did

---

[1] Compare *Forest v Parmalee,* 53 Mich App 505; 219 NW2d 806 (1974), with *Forest v Parmalee (On Rehearing)* 60 Mich App 401; 231 NW2d 378 (1975), *aff'd on other grounds,* 402 Mich 348; 262 NW2d 653 (1978).

not make any determination concerning plaintiffs' diligence in attempting to join defendant. Although the six-month interval between the receipt of answers to interrogatories which disclosed defendant's role in the construction of the building and the filing of the motion to add parties suggests that plaintiffs were not as diligent as they could have been, we prefer to leave this issue for determination in the first instance by the trial court.

We lastly note that the argument that plaintiffs were merely trying to correct a misnomer in their original complaint is not persuasive. This end could have been accomplished by a motion to amend their complaint. Instead, they moved *to add defendant* as an *additional* party.

Accordingly, the denial below of defendant's motion for accelerated judgment is reversed. We remand this cause to the trial court for its determination of plaintiffs' diligence. Costs to abide the final outcome. We retain no jurisdiction.