THOMAS v FERNDALE LABORATORIES, INC

Docket No. 78-4183. Submitted April 15, 1980, at Detroit.—Decided June 2, 1980.

Plaintiff, Deborah M. Thomas, was born on May 5, 1956. Her mother, during pregnancy, had been under the care of Dr. Joan Stryker and had taken the drug diethylstilbestrol (DES). In 1972, plaintiff's mother became aware of the potential harm to the offspring of women who had taken DES. During that same year plaintiff began medical treatment for the identification of possible DES-related injuries. In 1973, plaintiff contacted Dr. Stryker for further medical treatment. The results of the Schillers test showed the presence of certain growths. After a colposcopy examination was performed, Dr. Stryker informed plaintiff of an adenosis condition which was caused by DES. On May 7, 1974, plaintiff filed a suit naming Eli Lilly and Company and Dr. Stryker as the defendants. On September 9, 1974, Dr. Stryker advised plaintiff that Ferndale Laboratories had manufactured and distributed the DES taken by plaintiff's mother. Plaintiff's suit against Eli Lilly and Company and Dr. Stryker was dismissed for no progress on February 10, 1975. Plaintiff filed a complaint against defendant, Ferndale Laboratories, based on negligence and breach of warranty on May 23, 1977. Defendant raised the affirmative defense of the expiration of the statute of limitations. In a deposition taken on January 3, 1978, plaintiff admitted that she was aware of her injuries and their DES causation in 1973. Ferndale Laboratories moved for accelerated judgment on the ground that the statutory limitation period had elapsed. The Wayne Circuit Court, Joseph A. Moynihan, Jr., J., denied the motion and ruled that the limitation period did not begin to run until September, 1974, when plaintiff became aware of the identity of the drug manufacturer. Defendant appeals by leave granted. *Held:*

The running of the statute of limitations in a negligence action is not delayed until the discovery of the identity of the

REFERENCE FOR POINTS IN HEADNOTE

[1] 51 Am Jur 2d, Limitation of Actions §§ 135-137, 146 *et seq.*

alleged tortfeasor when that knowledge is ascertained after the date that all of the elements of the cause of action have occurred.

Reversed.

NEGLIGENCE — LIMITATION OF ACTIONS.

The running of the statute of limitations in a negligence action is not delayed until the discovery of the identity of the alleged tortfeasor when that knowledge is ascertained after the date that all of the elements of the cause of action have occurred.

*Hayim I. Gross,* for plaintiff on appeal.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* by *Harry J. Sherbrook),* for defendant.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER and D. F. WALSH, JJ.

D. F. WALSH, J. Defendant appeals an order denying a motion for accelerated judgment based on the expiration of the statute of limitations. GCR 1963, 116.1(5).

The facts of this case remain essentially undisputed. In the mid-1950s, plaintiff's mother consumed the drug diethylstilbestrol (hereafter DES) during pregnancy. Plaintiff, Deborah Thomas, was born on May 5, 1956.

In 1972, plaintiff's mother became aware of the potential harm to the offspring of women who had taken DES. During that same year plaintiff began medical treatment for the identification of possible DES-related injuries. In 1973, plaintiff contacted Dr. Joan Stryker for further medical treatment. The results of the Schillers test showed the presence of certain growths. After a colposcopy examination was performed, Dr. Stryker informed plaintiff of an adenosis condition which was caused by

DES. At this time plaintiff became aware of her cause of action.[1]

On May 7, 1974, plaintiff filed a suit naming Eli Lilly and Company and Dr. Stryker as the defendants. On September 9, 1974, Dr. Stryker advised plaintiff that Ferndale Laboratories had manufactured and distributed the DES taken by plaintiff's mother. Plaintiff's suit against Eli Lilly and Company and Dr. Stryker was dismissed for no progress on February 10, 1975.

Plaintiff filed a complaint against Ferndale Laboratories based on negligence and breach of warranty on May 23, 1977. In its answer, defendant raised the affirmative defense of the expiration of the statute of limitations.

In a deposition taken on January 3, 1978, plaintiff admitted that she was aware of her injuries and their DES causation in 1973. Ferndale Laboratories moved for accelerated judgment on the ground that the statutory limitation period had elapsed. The circuit judge denied the motion and ruled that the limitation period did not begin to run until September, 1974, when plaintiff became aware of the identity of the drug manufacturer. Defendant's motion for rehearing was denied.

The sole issue on appeal is: can the running of the statute of limitations be delayed until the plaintiff becomes aware of the identity of the alleged tortfeasor, when that knowledge is ascertained after the date that all of the elements of the cause of action have occurred? We answer in the negative and conclude that the trial court erred in denying the motion for accelerated judgment.

In *Walerych v Isaac,* 63 Mich App 478; 234 NW2d 573, *lv den* 395 Mich 776 (1975), plaintiff

---

[1] The parties have stipulated to this fact.

filed a medical malpractice action against a hospital and two "John Doe" physicians. After the statutory period had run, plaintiff filed a complaint against Dr. Isaac. On appeal, plaintiff relied on the date of discovery rule for malpractice actions enunciated in *Dyke v Richard,* 390 Mich 739; 213 NW2d 185 (1973), and argued that the statute did not run until two years after she discovered or in the exercise of reasonable diligence should have discovered the identity of the physician liable for her injuries. This Court rejected that contention and stated as follows:

"Plaintiff in this case knew by at least December, 1971, that there might be a cause of action against certain physicians. Plaintiff's action against defendant was instituted more than two years from that date. We are unwilling to hold that *Dyke v Richard, supra,* applies here. The issues of professional knowledge and reasonableness are not present. Discovery of the identity of an alleged tortfeasor is no more difficult when the wrong alleged is malpractice." *Walerych v Issac, supra,* 481.

In *Kroll v Vanden Berg,* 336 Mich 306; 57 NW2d 897 (1953), the Supreme Court disagreed with plaintiff's argument that the running of the statute should have been delayed until more detailed information about the injury could be obtained. The Court noted:

"In *Weast v Duffie,* 272 Mich 534, at page 539, we quote with approval from 37 CJ, p 976, as follows:

" 'It is not necessary that a party should know the details of the evidence by which to establish his cause of action. It is enough that he knows that a cause of action exists in his favor, and when he has this knowledge, it is his own fault if he does not avail himself of those means which the law provides for prosecuting or

preserving his claim.' " *Kroll v Vanden Berg, supra,* 311.

Likewise, in *Sedlak v Ford Motor Co,* 64 Mich App 61; 235 NW2d 63 (1975), this Court rejected the plaintiff's contention that the limitation period did not commence to run until the discovery of a possible relationship between the injury and the allegedly negligent design of the defendant's product. The Court identified the potential problems with the plaintiff's assertion in the following manner:

"Absent certain exceptions as to disabilities, not here relevant, plaintiff had 3 years to find out or obtain adequate assistance in investigating the claimed relationship between the injury and the alleged negligent design.

"It would be an extremely dangerous rule of law that the accrual date of a cause of action is held in abeyance indefinitely until a prospective plaintiff obtains professional assistance to determine the existence of a possible cause of action. Under such a theory, no limitations period would ever be binding." *Sedlak v Ford Motor Co, supra,* 63.

See also, *Stoneman v Collier,* 94 Mich App 187; 288 NW2d 405 (1979).

Similarly, in the case at bar, the accrual date of plaintiff's cause of action was not delayed until she became aware of the identity of the specific defendant-tortfeasor that might ultimately be liable for her injuries.

We conclude that the reasoning of the *Walerych* decision directly controls the disposition of the instant case. The order denying accelerated judgment is reversed. Cost to defendant.