MOORE v FLOWER

Docket No. 51850. Submitted May 6, 1981, at Detroit.—Decided July 28, 1981. Leave to appeal applied for.

Helen A. Moore and Nathaniel Moore brought an action in Wayne Circuit Court against Debra S. Flower and Sonja B. Williams for damages arising out of injuries received by plaintiffs in a motor vehicle accident involving an automobile owned by Williams and driven by Flower. The City of Detroit was added subsequently by stipulation of the parties on the ground that it had failed to maintain traffic signs or signals at a controlled intersection. The city moved for accelerated judgment, alleging that the period of limitation of actions for recovery from a governmental agency for failure to maintain a highway had run. Joseph A. Moynihan, Jr., J., granted the city's motion. Plaintiffs appeal. *Held:*

The period of limitation was tolled during the period of time in which the trial court's order to add the city was pending. However, plaintiffs failed to amend their complaint to add the city until the period of limitation, including the duration of the tolling, had run. The trial court properly granted the city's motion.

Affirmed.

Limitation of Actions — Joinder of Parties — Pleading.

A motion by a plaintiff to add a party defendant or to amend his complaint to add such party tolls the period of limitation which applies to the action during the period of time in which the motion is pending in the trial court; however, following the granting of the motion, failure to amend the complaint or to add the party within the period of limitation plus the period during which it was tolled bars any action against that defendant.

*Posner, Posner & Posner,* for plaintiffs.

References for Points in Headnote
51 Am Jur 2d, Limitation of Actions §§ 217, 232, 276.
Change in party after statute of limitations has run. 8 ALR2d 6.

*George W. Crockett, Jr.,* Acting Corporation
Counsel, and *Dennis Barnett,* Assistant Corpora-
tion Counsel, for City of Detroit.

Before: BASHARA, P.J., and N. J. KAUFMAN and
J. L. BANKS,* JJ.

J. L. BANKS, J. Plaintiffs were injured in a traffic
accident at an intersection in the City of Detroit
on February 16, 1977. A complaint was filed in the
Wayne County Circuit Court alleging negligence
on the part of Debra Flower, driver of the automo-
bile which struck the plaintiffs' car, and Sonja
Williams, owner of the same car. Defendants' an-
swer averred the affirmative defense that there
was no sign or signal at the intersection where the
accident occurred which required defendant
Flower to stop.

On December 15, 1978, attorneys for both plain-
tiffs and defendants stipulated to add the City of
Detroit as a party defendant pursuant to GCR
1963, 206.1. The parties apparently sought indem-
nification for defendants Flower and Williams and
the addition of a principal tortfeasor defendant for
failure to maintain traffic signs at a controlled
intersection. The trial court signed an order add-
ing the City of Detroit as a defendant on December
15, 1978. Plaintiffs filed a second amended com-
plaint on June 11, 1979, adding the City of Detroit
as a defendant. On July 3, 1979, the city moved for
accelerated judgment pursuant to GCR 1963,
116.1(5), alleging that the two-year statute of limi-
tations in MCL 691.1411(2); MSA 3.996(111)(2) had
run. The trial court granted the defendant city's
motion.

At issue is whether the order adding the defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant City of Detroit as a party defendant, dated December 15, 1978, tolled the statute of limitations.

This Court has faced nearly identical problems in several recent cases. In *Charpentier v Young,* 83 Mich App 145; 268 NW2d 322 (1978), *rev'd* 403 Mich 851 (1978), the plaintiffs were seriously injured in an automobile accident when a car driven by defendant Young, being chased by the police, struck their automobile. Plaintiffs sought to add as defendants owners of several taverns where defendant Young had been drinking prior to the accident. The trial court granted the tavern owners' motion for accelerated judgment because plaintiffs failed to commence their dramshop action within two years after they were injured. The Court of Appeals affirmed, rejecting plaintiffs' argument that the statute of limitations was tolled during the interim between filing and granting their motion to amend their complaint to add the tavern owners as defendants. Plaintiffs argued that by adding this 21-day period, from March 10, 1976, to March 31, 1976, to the period of limitations for dramshop actions, plaintiffs properly had filed their amended complaint within the period of limitations, which did not bar plaintiffs' claim until August 23, 1976.

The Supreme Court, by order, held:

"the Court of Appeals is reversed, the trial court's accelerated judgments in favor of defendants-appellees are set aside and the case is remanded to the trial court for further proceedings. The statute of limitations was tolled for 21 days, from March 10 to March 31, 1976, the time during which the motion to amend complaint and add parties defendant was pending, plaintiffs having demonstrated due diligence by seeking a decision on their motion within three weeks." 403 Mich 851.

In a similar case, *Amer v Clarence A Durbin Associates,* 87 Mich App 62; 273 NW2d 588 (1978), the Court of Appeals followed the rationale of *Charpentier, supra,* leaving the matter of determining whether the plaintiff had exercised diligence in attempting to join the defendants to the discretion of the trial court. See also *Cobb v Mid-Continent Telephone Service Corp,* 90 Mich App 349, 354-355; 282 NW2d 317 (1979).

We see, as did Judge RILEY in her concurrence in *Charpentier, supra,* a serious problem with permitting the trial court to extend a defendant's liability depending on whether the trial court, in its discretion, finds that a plaintiff exercised diligence in attempting to join that defendant. Application of statutes of limitations is a counting procedure with a primary purpose being to give the parties and the courts a specific time at which the statutory bar goes into effect. We find that the Supreme Court order in *Charpentier, supra,* applies such a rule and hold that, when a plaintiff moves to add a party defendant or to amend a complaint to do so, the statute of limitations is tolled during the time in which the motion to add parties or amend the complaint is pending in the trial court.

Applying that law to this case, we find that the statute of limitations was tolled for a single day. The parties stipulated to add the defendant City of Detroit on December 15, 1978, and the trial court entered an order adding the City of Detroit as a defendant on the same day. Thus, the statute of limitations ran on February 17, 1979, two years and one day after the accident. Plaintiffs' failure to file an amended complaint until June 11, 1979, bars any action against the City of Detroit.

Affirmed.