MOORE v FLOWER (ON REMAND)

Docket No. 66416. Submitted August 26, 1982, at Lansing.—Decided
November 4, 1982. Leave to appeal applied for.

Helen Ann and Nathaniel Moore brought an action in Wayne
Circuit Court seeking damages for injuries resulting from a
February 16, 1977, accident involving the automobile driven by
defendant Debra Flower and owned by defendant Sonja Wil-
liams. Defendants' answer raised the affirmative defense that
there was no traffic sign or signal at the intersection at which
the accident occurred which required defendant Flower to stop.
Pursuant to a stipulation by plaintiffs and defendants, Joseph
A. Moynihan, Jr., J., signed an order on December 15, 1978,
adding the City of Detroit as a defendant. On June 11, 1979,
the plaintiffs filed an amended complaint adding the city as a
defendant. The city moved for accelerated judgment on the
basis of the running of the two-year statute of limitations. The
motion was granted. Plaintiffs appealed. The Court of Appeals
affirmed. 108 Mich App 214 (1981). Plaintiffs sought leave to
appeal to the Supreme Court. In lieu of granting leave, the
Supreme Court remanded the matter to the Court of Appeals
with instructions "to address the question of whether the order
adding the party defendant was sufficient in itself to commence
the action against the added defendant". 414 Mich 897 (1982).
*Held:*

The court rule permitting permissive joinder of defendants
does not alter the effect of the court rule providing that an
action is commenced with the filing of a complaint. Since the
City of Detroit did not know that an action was being com-
menced against it until the filing of the complaint in July,
1979, more than two years after the accident, the city had a
right to rely on the two-year statute of limitations, notwith-
standing the order adding it as a defendant signed by the court
within the two-year limitation period.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Limitation of Actions § 272.
Change in party after statute of limitations has run. 8 ALR2d 6.
[2] 59 Am Jur 2d, Parties § 98.

1. ACTIONS — STATUTES OF LIMITATION — JOINDER OF PARTIES.

An action against an added defendant is commenced for the purpose of the statute of limitations on the date the amended complaint is filed rather than the date of the trial court's order adding the party as a defendant.

2. ACTIONS — JOINDER OF PARTIES — COURT RULES.

The court rule permitting permissive joinder of defendants does not alter the requirement of the court rule providing that a civil action is commenced by the filing of a complaint with the court (GCR 1963, 101, 206.1).

*Posner, Posner & Posner* (by *Samuel Posner* and *Gerald F. Posner*), for plaintiff.

*George W. Crockett, Jr.,* Acting Corporation Counsel, and *Dennis Burnett,* Assistant Corporation Counsel, for defendant City of Detroit.

ON REMAND

Before: N. J. KAUFMAN, P.J., and D. E. HOLBROOK, JR., and BEASLEY, JJ.

PER CURIAM. Plaintiffs were injured in a traffic accident at an intersection in the City of Detroit on February 16, 1977. A complaint was filed in the Wayne County Circuit Court alleging negligence on the part of Debra Flower, driver of the automobile which struck the plaintiffs' car, and Sonja Williams, owner of the same car. Defendants' answer averred the affirmative defense that there was no sign or signal at the intersection where the accident occurred which required defendant Flower to stop.

On February 15, 1978, attorneys for both plaintiffs and defendants stipulated to add the City of Detroit as a party defendant pursuant to GCR 1963, 206.1. The parties apparently sought indem-

nification for defendants Flower and Williams, and the addition of a principal tortfeasor defendant. They claimed the city failed to maintain traffic signs at a controlled intersection. The trial court signed an order adding the City of Detroit as a defendant on December 15, 1978. Plaintiffs filed a second amended complaint on June 11, 1979, adding the City of Detroit as a defendant. This was more than two years after the accident. On July 3, 1979, the city moved for accelerated judgment pursuant to GCR 1963, 116.1(5), alleging that the two-year statute of limitations in MCL 691.1411(2); MSA 3.996(111)(2) had run. The trial court granted the defendant city's motion.

Plaintiffs appealed. This Court affirmed the accelerated judgment in *Moore v Flower,* 108 Mich App 214; 310 NW2d 336 (1981). Plaintiffs appealed to the Supreme Court. In lieu of granting leave to appeal, that Court remanded the case to this Court "to address the question of whether the order adding the party defendant was sufficient in itself to commence the action against the added defendant". 414 Mich 897 (1982).

We hold that the trial court's order adding the City of Detroit as a defendant was not sufficient to commence the action against the city. The action commenced when the amended complaint was filed.

The basic rule for commencing an action is that "[a] civil action is commenced by filing a complaint with the court". GCR 1963, 101. The rule for permissive joinder of defendants, GCR 1963, 206.1, does not expressly alter the basic rule, nor should it alter the basic rule by implication. It would not unnecessarily prejudice the rights of the party

seeking to add a party if a timely amended complaint were required. On the other hand, there is no indication that the City of Detroit had notice of the claims sought to be raised against it until the complaint was filed. *Cf. Forest v Parmalee (On Rehearing),* 60 Mich App 401, 407-408; 231 NW2d 378 (1975), *aff'd* 402 Mich 348; 262 NW2d 653 (1978). Because the City of Detroit did not know an action had been commenced against it until June 11, 1979, it was entitled to the protection of the statute of limitations, MCL 691.1411(2); MSA 3.996(111). Allowing an action to commence against an added party solely by court order is not consistent with the letter or the spirit of the court rules and notice requirements.

Affirmed.