FAZZALARE v DESA INDUSTRIES, INC

Docket No. 65983. Submitted June 7, 1983, at Detroit.—Decided June 4, 1984.

Plaintiffs, Frank and Mary Jane Fazzalare, brought a products liability action in the Macomb Circuit Court based upon a claim that on September 2, 1978, Frank Fazzalare sustained serious injuries when the chain on an electric power saw that he was operating became dislodged. The complaint was filed on August 31, 1981, asserting a claim against the unknown manufacturer of the chain saw, John Doe Corporation, the Renter Center, Inc., a retail outlet which leased the saw to the plaintiffs, and others. On November 11, 1981, plaintiffs discovered that defendant Desa Industries, Inc., was the manufacturer of the saw in question. On February 8, 1982, plaintiffs filed a stipulation granting them leave to file an amended complaint, which was filed on February 16, 1982. On February 25, 1982, plaintiffs served an amended complaint upon Desa alleging Desa's liability as the manufacturer of the offending power saw. Desa then moved for an accelerated judgment claiming that the action against them was barred by the applicable three-year statute of limitations. The trial court, Kenneth N. Sanborn, J., denied the motion, holding that the plaintiffs had exercised due diligence and, thus, their cause of action against defendant Desa was not barred. Desa appeals by leave granted. *Held:*

1. Once all of the elements of a cause of action have occurred, the running of the statutory period of limitation is not delayed until the claimant becomes aware of the identity of the alleged tortfeasor.

2. There is no reason to prohibit the filing of "John Doe"

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions §§ 40, 289.

63A Am Jur 2d, Products Liability § 909 *et seq.*

Validity, and applicability to causes of action not already barred, of a statute enlarging limitation period. 79 ALR2d 1080.

[2-5] 37 Am Jur 2d, Fraud and Deceit §§ 311, 400-418, 444.

51 Am Jur 2d, Limitation of Actions, § 450.·

Fraud, misrepresentation, or deception as estopping reliance on statute of limitations. 43 ALR3d 429.

complaints, however, the running of the applicable statutory limitation period is not interrupted by the filing of such a complaint.

3. The Supreme Court has rejected the idea of permitting the trial court to extend a defendant's liability depending on whether the trial court, in its discretion, finds that a plaintiff exercised diligence in attempting to join that defendant.

Reversed.

BEASLEY, J., dissented and noted that Michigan has indicated no intention to abandon or prohibit the procedure of designating unknown defendants as "John Does" until their identity is discovered. It is his belief that by naming the manufacturer as a "John Doe" defendant in a products liability suit started before expiration of the period of limitation, plaintiffs became entitled to a brief extension of the period of limitation provided they exercised prompt and due diligence to discover the identity of and to add as a party defendant Desa Industries, Inc., the manufacturer. He would hold that the trial court did not abuse its discretion in determining that the plaintiffs were reasonably diligent in this matter. He would affirm.

### OPINION OF THE COURT

1. LIMITATION OF ACTIONS — EXTENSION OF LIMITATION PERIOD.

   The Michigan Supreme Court has rejected the general discretion standard adopted by the Court of Appeals in regard to the application of a period of limitation wherein a trial court may be permitted to extend a defendant's liability depending on whether the trial court, in its discretion, finds that a plaintiff exercised diligence in attempting to join that defendant.

2. LIMITATION OF ACTIONS — "JOHN DOE" COMPLAINTS.

   The running of the applicable statutory limitation period is not interrupted in an action by the filing of a "John Doe" complaint against a defendant whose identity is not known at the time of such filing; defendants, including those originally named as "John Doe" defendants, are entitled to notice of claims within the applicable statutory limitation period.

### DISSENT BY BEASLEY, J.

3. ACTIONS — PARTIES — "JOHN DOE" COMPLAINTS.

   *Michigan courts have not indicated an intention to abandon or prohibit the procedure of designating unknown defendants as "John Does" until their identity is discovered.*

4. LIMITATION OF ACTIONS — "JOHN DOE" COMPLAINTS — PRODUCTS
   LIABILITY — EXTENSION OF LIMITATION PERIOD.

   *A plaintiff who names a manufacturer as a "John Doe" defendant
   in a products liability suit started before the expiration of the
   period of limitation becomes entitled to a brief extension of the
   period of limitation provided that the plaintiff exercises prompt
   and due diligence to discover the identity of and to add as a
   party defendant the manufacturer; if the plaintiff proceeds
   diligently in attempting to discover the defendant's actual
   name and identity, or if the defendant fraudulently conceals its
   name and identity, the period of limitation may be extended as
   to that defendant for a short period to effectuate justice and
   give the plaintiff his day in court.*

5. LIMITATION OF ACTIONS — "JOHN DOE" COMPLAINTS — EXTENSION
   OF LIMITATION PERIOD.

   *The question of whether a plaintiff exercised due diligence to
   discover the actual name and identity of a defendant originally
   named as a "John Doe" defendant in a products liability action
   for purposes of extending the statutory limitation period in
   regard to such defendant is a question to be determined by the
   trial court.*

*Anthony & Hearsch* (by *Robert J. Seibert*), for
plaintiffs.

*Martin, Bacon & Martin, P.C.* (by *Michael R.
Janes*), for defendant on appeal.

Before: D. F. WALSH, P.J., and BEASLEY and D. L.
SULLIVAN,* JJ.

D. F. WALSH, P.J. The facts in this case are
adequately set out in the dissenting opinion.

In our judgment, the holding of the dissent is at
odds with the well-established principle that, once
all of the elements of a cause of action have
occurred, the running of the statutory period of
limitation is not delayed until the claimant be-
comes aware of the identity of the alleged tortfea-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sor. *Thomas v Ferndale Laboratories, Inc,* 97 Mich App 718; 296 NW2d 160 (1980).

The dissent places much reliance on *O'Keefe v Clark Equipment Co,* 106 Mich App 23; 307 NW2d 343 (1981). The *O'Keefe* panel cited, and applied, the "rule" set forth by this Court in *Charpentier v Young,* 83 Mich App 145, 149-150; 268 NW2d 322 (1978):

"We, therefore, conclude that whether a party seeking to add parties to the litigation has complied with the court rules so as to entitle him to suspend the running of an applicable statute of limitations in favor of an added party, is for determination in the first instance by the trial court. An added party may obtain the trial court's review of the circumstances leading up to the filing of the amended complaint by filing a motion for accelerated judgment based upon the statute of limitations. The trial court may then review *de novo* the procedural steps taken by the amending party to assure that dilatory tactics have not unjustly deprived the added party of his legitimate statute of limitations defense. It is then within the discretion of the trial court to grant or deny the motion based upon his evaluation of the circumstances in each case."

Concurring in the result, Judge RILEY expressed the view in *Charpentier* that a more definite rule would be preferable to the majority's general discretion standard:

"A statute of limitations is primarily a technical counting process which provides some measure of security to the parties in regard to when the statutory bar goes into effect. A possible rule would be that the statute be tolled for the amount of time the court takes to decide on a motion to amend if that delay extends beyond the date on which the original limitations period would end. The problem of dilatory actions to

increase this delay could be handled by the trial court's vigilance over its motion docket." 83 Mich App 152.

The Supreme Court reversed in *Charpentier:*

"Leave to appeal considered November 30, 1978, and, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, the Court of Appeals is reversed, the trial court's accelerated judgments in favor of defendants-appellees are set aside, and the case is remanded to the trial court for further proceedings. The statute of limitations was tolled for 21 days, from March 10 to March 31, 1976, the time during which the motion to amend complaint and add parties defendant was pending, plaintiffs having demonstrated due diligence by seeking a decision on their motion within three weeks." 403 Mich 851; 291 NW2d 926 (1978).

In this case, the dissent states: "I am unable to ascertain from the brief order how much of the *Charpentier* rationale is reversed and to what matters the test of due diligence is to be applied." Our reading of the Supreme Court's order, however, persuades us that the Supreme Court rejected the general discretion standard of this Court's *Charpentier* majority. See *Moore v Flower,* 108 Mich App 214, 217; 310 NW2d 336 (1981):[1]

"We see, as did Judge RILEY in her concurrence in *Charpentier, supra,* a serious problem with permitting the trial court to extend a defendant's liability depending on whether the trial court, in its discretion, finds that a plaintiff exercised diligence in attempting to join that defendant. Application of statutes of limitations is a counting procedure with a primary purpose being to give the parties and the courts a specific time at which the statutory bar goes into effect. We find that the Supreme Court order in *Charpentier, supra,* applies

[1] *Remanded,* 414 Mich 897; 323 NW2d 6 (1982), *On Remand* 121 Mich App 235; 329 NW2d 35 (1982).

such a rule and hold that, when a plaintiff moves to add a party defendant or to amend a complaint to do so, the statute of limitations is tolled during the time in which the motion to add parties or amend the complaint is pending in the trial court."

While we are persuaded of no reason to prohibit the filing of "John Doe" complaints, it is our opinion that the running of the applicable statutory limitation period is not interrupted by the filing of such a complaint. The Supreme Court has identified the purposes served by statutes of limitation:

"Statutes of limitations are intended to 'compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend'; 'to relieve a court system from dealing with "stale" claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufactured'; and to protect 'potential defendants from protracted fear of litigation'." *Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974), citing 51 Am Jur 2d, Limitation of Actions, § 17, pp 602-603.

Would-be plaintiffs must diligently investigate potential claims within the time frames established by the Legislature. Defendants are entitled to notice of claims within the applicable statutory limitation period. See *Meda v City of Howell,* 110 Mich App 179; 312 NW2d 202 (1981).

Reversed.

D. L. SULLIVAN, J., concurred.

BEASLEY, J. *(dissenting).* The following opinion, originally circulated as a proposed majority opinion, is now filed as a dissenting opinion.

Defendant Desa Industries, Inc., filed a motion

for accelerated judgment, claiming that the products liability action brought by plaintiffs, Frank and Mary Jane Fazzalare, was barred by the three-year statute of limitations provided in MCL 600.5805(8); MSA 27A.5805(8). From denial of the motion, defendant Desa appeals by leave granted.[1]

In a complaint filed on August 31, 1981, plaintiffs claimed that plaintiff Frank Fazzalare sustained serious injuries to his left forearm on September 2, 1978, when the chain on an electric power saw that he was operating became dislodged. Plaintiffs included as defendants Renter Center, Inc., a retail outlet which leased the saw to plaintiffs, ABC Distributor, a wholesale company which sold it to Renter Center, and John Doe Manufacturing, an unknown company which manufactured the electric power saw.

Along with their complaint, plaintiffs filed a motion for leave to amend the complaint, which was noticed for hearing on September 18, 1981. The purpose of this motion was to advise the trial court of plaintiffs' efforts to identify the manufacturer. On September 15, 1981, the deposition of Patrick Morrow, president of defendant Renter Center, was taken. Unable to ascertain with certainty which of several possible companies manufactured the chain saw in question, plaintiffs voluntarily dismissed their motion to amend the complaint.[2] On November 11, 1981, while inspecting Renter Center's inventory under a court order, plaintiffs discovered that Desa manufactured the saw in question. On February 8, 1982, plaintiffs

[1] Defendant Desa's motion for rehearing of the trial court's denial of accelerated judgment was denied on July 22, 1982.

[2] On December 28, 1981, an order was entered in response to defendant's motion changing venue from Wayne County to Macomb County, apparently because venue was improperly laid in Wayne County. This matter caused a delay which we do not charge to plaintiffs.

filed a stipulation granting them leave to file an amended complaint, which was filed on February 16, 1982. On February 25, 1982, plaintiffs served an amended complaint upon defendant Desa Industries, claiming that Desa was liable as the manufacturer of the offending electric power saw. Claiming that plaintiffs' action was barred by the statute of limitations, defendant Desa moved for accelerated judgment.

While recognizing that an amendment to a pleading does not relate back to the original filing date of the case for purposes of adding a new defendant when the period of limitation has otherwise expired as to the new defendant, the trial court, attempting to alleviate the harsh effect of applying the statute of limitations to deprive plaintiffs of their day in court against the manufacturer, held that plaintiffs had exercised due diligence and, thus, their cause of action against defendant Desa was not barred:

"Under the totality of the circumstances, this court finds that plaintiffs have been diligent in their attempts to ascertain the appropriate parties and follow the appropriate procedural steps. The court further finds that the added defendants have not been deprived of a legitimate statute of limitations defense by dilatory tactics. In the court's judicial discretion, the statute of limitations was suspended as to the added defendant's so that the amended complaint was within the statute of limitations. Accordingly, defendant's motion for accelerated judgment is denied."

As indicated, in the complaint filed in the within case, plaintiffs asserted a claim against the manufacturer of the chain saw. Not knowing the name of the manufacturer, plaintiffs described the manufacturer as John Doe Corporation. Thus, at the outset, this case requires consideration of the legal

effect on the statute of limitaions of the use of John Doe defendants in products liability cases.

Under the common law, it was essential that a person's name appear in the complaint before he could be made a defendant in an action.[3] In general, the rule has been that, absent a statute, the inclusion of John Doe defendants is not permitted.[4]

For many years, Michigan had a statute[5] which provided that when the name of any defendant was not known to the plaintiff, he might be described in the process and proceedings by a fictitious name and, if a motion to dismiss was interposed by the defendant or his name be otherwise ascertained, the proceedings had to be amended as if the defendant had been sued by his right name. This statute was repealed in 1974.[6]

GCR 1963, 201.4 covers the subject of unknown

---

[3] 1 Callaghan's Michigan Pleading & Practice (2d ed), § 15.01, p 441, provides:

"The law of parties presents fundamental problems of * * * (2) whom must, or may, be made parties defendant in order to obtain a comprehensive binding and effective adjudication."

Also, see, Note, *Designation of Defendants by Fictitious Names-Use of John Doe Complaints* 46 Iowa L Rev 773 (1961), and cases cited.

[4] 46 Iowa L Rev 773, 776 (1961), *supra.*

[5] MCL 600.6733; MSA 27A.6733, which was repealed in 1974 by 1974 PA 297, § 2, authorized the use of a fictitious name:

"When the name of any defendant shall not be known to the plaintiff, he may be described in the process and proceedings by a fictitious name, and if a motion to dismiss be interposed by such defendant, or his name be otherwise ascertained, the justice before whom the suit is pending, shall amend the proceedings according to the truth of the matter, and shall thereafter proceed therein, in like manner as if the defendant had been sued by his right name."

As long ago as 1855, the Legislature enacted a similar statute, 1855 PA 173, § 60, which empowered a justice of the peace to amend a complaint before him in order to reflect the defendant's true name. We do not find any appellate cases in which the statute has been cited. The 1974 act which repealed MCL 600.6733; MSA 27A.6733 and a multitude of other statutes, appears to have been a "house-keeping" effort to delete the term "justice court" from the statute.

[6] MCL 600.6733; MSA 27A.6733.

parties, but has usually been interpreted to relate
to proceedings in rem, such as interests in prop-
erty, estates, trust funds, and the like.[7] However,
whether or not Michigan has a statute or a court
rule authorizing the use of John Doe defendants in
tort cases, the post-1974 Michigan cases indicate
no intention to abandon or prohibit the procedure
of designating unknown defendants as John Does
until their identity is discovered.

In *O'Keefe v Clark Equipment Co*,[8] plaintiff
suffered an injury to his hand on July 19, 1976,
when an allegedly defective forklift dropped a
piece of machinery. On June 22, 1979, plaintiff
filed a products liability suit against the manufac-
turer of the forklift. As of that date, plaintiff was
unaware of the identity of the manufacturer. In an
effort to start suit before expiration of the period
of limitation, plaintiff's suit designated the manu-
facturer as John Doe Corporation. During discov-
ery, plaintiff found that Clark Equipment Com-
pany was the manufacturer. On October 17, 1979,
plaintiff filed an amended complaint naming Clark
Equipment as the defendant, *i.e.*, in place of the
John Doe Corporation initially named. The trial
court granted the motion of defendant Clark
Equipment Company for accelerated judgment
based on the expiration of the period of limitation.
We affirmed the grant of accelerated judgment on
the basis that plaintiff failed to exercise due dili-
gence in identifying and naming Clark Equipment
Company.

[7] GCR 1963, 201.4 provides in part as follows:

"(1) All persons who are or may be interested in the subject matter
of an action whose names cannot be ascertained upon diligent inquiry
may be made parties by being named and described as unknown
claimants, unknown owners, or as unknown heirs, devisees, legatees,
or assigns of any deceased person who may have been interested in
the subject matter of the action."

[8] 106 Mich App 23; 307 NW2d 343 (1981).

In so holding, we noted that (1) plaintiff did not start suit until only one month remained before expiration of the period of limitation, (2) plaintiff did not press for the prompt obtaining of copies of pertinent records relating to the identity of the manufacturer, (3) plaintiff delayed filing an amended complaint for over two months after learning the identity of the manufacturer, and (4) plaintiff did not file a motion for permission to amend to add parties as required by the court rules.

While the *O'Keefe* Court did not discuss the legitimacy of the John Doe procedural device, the fact that they based their result on lack of diligence would seem to indicate that they were giving recognition to the efficacy of the John Doe device. If they believed that the John Doe procedure was impermissible and had no effect, then the failure to amend the complaint to name defendant Clark Equipment until after expiration of the period of limitation would have caused dismissal of plaintiff's case without any consideration of whether due diligence was exercised.

However, the *O'Keefe* Court said further:

"If plaintiff's argument were to be accepted, any plaintiff who filed suit against a fictitious defendant prior to the running of the statute of limitations could circumvent the statute by claiming that the defendant to be joined was a necessary party. This would prevent the operation of the statute of limitations even though the plaintiff was not diligent in bringing his suit." *O'Keefe, supra,* p 27.

Implicit in resting its decision on a finding of lack of due diligence is the conclusion that if plaintiff had exercised due diligence this Court would not have applied the statute of limitations

to defeat plaintiff's action. If this Court had wished to hold that the procedural device of starting suit against a John Doe defendant was not permissible, there would have been no occasion to decide the case on the issue of diligence.

In *Meda v City of Howell,*[9] plaintiff sued, among others, John Doe, unknown clerk for a district court, and substituted Carol Ludos when it was ascertained that she was the unknown clerk. No claim was made that this procedural device was improper or not permissible.

Another use of the fictitious John Doe Corporation as an unknown manufacturer is in a slip and fall case, *Amer v Clarence A Durbin Associates.*[10] The fall occurred October 2, 1973, and the case was filed July 9, 1975, with John Doe Corporation as one of two defendants. On or about March 17, 1976, plaintiff became aware that John Doe Corporation was, in fact, Van Horn Brothers, Inc., and, on September 27, 1976, filed a motion to add Van Horn as a necessary party. On October 1, 1976, the court entered an order making Van Horn a party defendant. On October 18, 1976, an amended complaint naming Van Horn Brothers as a party defendant was filed and the amended complaint was served on defendant Van Horn on October 26, 1976. The trial court denied defendant's motion for accelerated judgment, but on appeal, we reversed. We said defendant was "at most, a joint tortfeasor",[11] but not a necessary party, and that plaintiff must start proceedings against defendant Van Horn within the period of the statute of limitations.

We said that the case was not started against

[9] 110 Mich App 179; 312 NW2d 202 (1981).
[10] 87 Mich App 62; 273 NW2d 588 (1978).
[11] *Id.,* p 66.

Van Horn for the purpose of stopping the running of the period of limitation by entry of an order permitting plaintiff to add Van Horn Brothers as a defendant. We appeared to say that until the amended complaint was filed, namely, October 18, 1976, the period of limitation continued to run. Of course, by that date, October 18, 1976, the period of limitation had expired.

However, in *Amer, supra,* we then held, citing *Charpentier v Young,*[12] that the period of limitation had not expired if plaintiff had exercised due diligence to discover and add Van Horn, and remanded the case to the trial court for findings regarding plaintiff's diligence. Apparently, *Amer* was decided before the Supreme Court decision in *Charpentier,*[13] which fact makes it suspect as precedent. It is, however, further indication that we do not prohibit the use of the John Doe appellation although the legal effect on the running of the period of limitation is shrouded with uncertainty.

In *Forest v Parmalee (On Rehearing),*[14] which did *not* involve a John Doe defendant, we applied the statute of limitations against a plaintiff who, although filing a motion to add the defendant as a party, unseasonably delayed for several months to take steps to bring his motion on for hearing until after the period of limitation had run. The *Parmalee* Court followed the rule that, when a defendant is brought into a case by the filing of an amended complaint, the case is deemed started against that

---

[12] 83 Mich App 145; 268 NW2d 322 (1978), *rev'd* 403 Mich 851; 291 NW2d 926 (1978).

[13] The *Amer, supra,* opinion was released on November 7, 1978, 23 days prior to the order issued by the Supreme Court in *Charpentier v Young, supra.*

[14] 60 Mich App 401; 231 NW2d 378 (1975), *aff'd on other grounds* 402 Mich 348; 262 NW2d 653 (1978); Anno: *Change in party after statute of limitations has run,* 8 ALR2d 6, 112.

defendant as of the date of the filing of the amended complaint.

For purposes of application of the statute of limitations, the statutory period runs until the date of the filing of the amendment. If, by that date, the period of limitation has expired, that defendant is entitled to dismissal for failure to commence his action within the time permitted.[15]

The *Parmalee* Court recognized the exceptions to this rule, namely, that an additional defendant may be brought into the case after expiration of the period of limitation where the added defendant is a necessary party, acquired his interest in the subject matter of the suit *pendente lite,* or where his addition merely corrects a defect in the original proceeding. *Parmalee* is not, however, a case where the issue of due diligence was present.

In *Charpentier v Young, supra,* the plaintiffs were injured in an automobile accident on August 2, 1974, and, less than a year later, commenced suit against the driver of the other car. During discovery, plaintiffs learned that they had a possible dramshop action arising out of the accident. On March 10, 1976, plaintiffs moved to amend the complaint to add dramshop defendants, and the motion was granted on March 31, 1976. Despite attaching a copy of the proposed amended complaint to the motion, plaintiffs did not file it with the court for service until August 6, 1976, two years and four days after the accident occurred. In their motions for accelerated judgment, the dramshop defendants argued that the two-year period of limitation provided in MCL 436.22; MSA 18.993 had run on August 2, 1976. In response, plaintiffs argued that the filing of the motion to amend on March 10 constituted a commencement of the

---

[15] 60 Mich App 406. See particularly, 8 ALR2d 6, 112, *supra.*

action against the dramshop defendants, or, alternatively, the statute of limitations was tolled during the 21-day period between March 10 and March 31.

In a split decision, we affirmed a grant of accelerated judgment, holding that, upon motion of an added party, a trial judge must review *de novo* "the procedural steps taken by the amending party to assure that dilatory tactics have not unjustly deprived the added party of his legitimate statute of limitations defense".[16] However, in one of those brief clerk's orders that appear in the back of the book, the Supreme Court reversed the award of accelerated judgment, saying in part:

"The statute of limitations was tolled for 21 days, from March 10 to March 31, 1976, the time during which the motion to amend complaint and add parties defendant was pending, plaintiff having demonstrated due diligence by seeking a decision on their motion within three weeks."[17]

While recognizing that the Supreme Court has reversed the result, I am unable to ascertain from the brief order how much of the *Charpentier* rationale is reversed and to what matters the test of due diligence is to be applied.

These decisions furnish the somewhat murky precedent available to decide this appeal. By naming the manufacturer as a John Doe defendant in a products liability suit started before expiration of the period of limitation, plaintiffs became entitled to a brief extension of the period of limitation provided they exercised prompt and due diligence to discover the identity of and to add as a party

[16] *Charpentier, supra,* p 150.
[17] 403 Mich 851; 291 NW2d 926 (1978).

defendant Desa Industries, the manufacturer. This conclusion is supported by *O'Keefe, supra.*

I decline to interpret the brief order in *Charpentier* as being intended to negative the effect of the use of John Doe designations for unknown manufacturers.

In summary, I believe that, where a plaintiff asserts a cause of action but does not know the name of the defendant, he may start suit designating the unknown defendant as John Doe or John Doe Corporation. If he proceeds diligently in attempting to discover defendant's name and identity, or if defendant fraudulently conceals its name and identity, the period of limitation may be extended for a short period to effectuate justice and give a plaintiff his day in court.

The question of whether plaintiffs exercised due diligence is one of fact for the trial court. I am not prepared to say that failure to employ counsel and to start a suit until near the end of the period of the statute of limitations is, as a matter of law, lack of due diligence. It may, however, be one more fact for the trial judge to consider in deciding whether plaintiffs have proceeded with diligence. Obviously, once the case is started, and then, after starting, the period of the statute of limitations expires, a plaintiff must proceed with great dispatch if he would avoid an accelerated judgment.

The delays here chargeable to plaintiffs were not so substantial as to require a conclusion that, as a matter of law, plaintiffs did not exercise due diligence. The trial court's exercise of discretion in holding plaintiffs reasonably diligent was not such an abuse of discretion as to compel reversal.

Consequently, I would vote to affirm.